■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASHON STEWART, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Reilly, J.), rendered February 27, 1981, convicting him of robbery in the first degree, robbery in the second degree, burglary in the third degree and unauthorized use of a motor vehicle, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that the trial court erred in denying this motion to sever counts Nos. 6 through 9 of the indictment from the rest of the indictment. We disagree.

The indictment in this case contained 10 counts involving three different incidents at separate locations on different dates. Counts Nos. 6 through 9 of the indictment dealt with the burglary of a residence and robbery of its occupant on the morning of April 21, 1980, by the defendant, aided by two accomplices, in which television sets, radios and other property were stolen. Counts Nos. 1 through 5 dealt with a knife point robbery of a taxi driver one week later with a different accomplice. (Count No. 10 of the indictment, possession of credit cards stolen from a third individual, was dismissed prior to submission to the jury.) Each of the two surviving incidents involved one or more counts of robbery. These counts are defined by the "same or similar statutory provisions" and may be joined in one indictment pursuant to CPL 200.20 (subd 2, par [c]). The other counts pertaining to each incident were joinable with the robbery count involved therein (CPL 200.20, subd 2, par [a]) and hence could be joined in the same indictment under CPL 200.20, (subd 2, par [d]). Absent any showing of prejudice, this statute is broadly construed and can embrace offenses that are related (see CPL 200.20, subd 3; *People v Lane,* 56 NY2d 1). A severance is discretionary and "will be granted only if [the defendant] can persuade the court that the severance should be granted 'in the interest of justice and for good cause shown'". (*People v Lane, supra,* p 7; see *People v Jenkins,* 50 NY2d 981.) Here defendant made no showing of prejudice. Hence we cannot say that the trial court abused its discretion in denying defendant's motion to sever (compare *People v Lane, supra,* pp 9, 10, with *People v Shapiro,* 50 NY2d 747, 755).

We have examined defendant's other contentions and find them to be without merit. Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.