■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MACK, Appellant. — Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered November 3, 1982, convicting him of robbery in the second degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him as a second felony offender to consecutive indeterminate terms of imprisonment of 7½ years to 15 years on each of the robbery counts, and a term of imprisonment of one year on the criminal possession of a weapon count to be served concurrently with the first robbery count.

Judgment affirmed.

By Kings County indictment No. 1438/82, the defendant was accused of committing the crimes of robbery in the first degree and criminal use of a firearm in the first degree, it being alleged that on or about March 13, 1982, the defendant forcibly stole property from Richard Steier, and that the defendant displayed what appeared to be a handgun "in the course of the commission of the [robbery] and of immediate flight therefrom".

The defendant was accused in the same indictment of committing the crimes of robbery in the second degree, criminal use of a firearm in the second degree and criminal possession of a weapon in the fourth degree. These allegations stemmed from an incident which the Grand Jury alleged occurred on or about March 14, 1982, involving a different complaining witness, Morton Weinberg.

Prior to trial the defendant moved, *inter alia,* for an order severing the two criminal episodes and granting separate trials. The basis for the application was twofold. First, the defendant argued, the two robberies involved different complaining witnesses "and [were] not so closely related in criminal purpose as to constitute elements or integral parts of a single criminal venture". Second, the defendant's right to a fair trial would be jeopardized because "[t]here is obvious danger of serious prejudice to defendant if all the charges are required to be litigated before the same jury". The defendant argued that because the charges are essentially the same there was a danger of conviction of one offense "upon proof that he committed another * * * The defendant would be portrayed in the minds of the jurymen as a person with a propensity for criminally assaulting others with a consequent obscuring of the factual issue of defendant's guilt or innocence". The branch of the motion which was to sever and for separate trials was denied.

On this appeal the defendant contends, *inter alia,* that the denial of that branch of his pretrial motion which was for a severance and separate trials was error for the same reasons as those stated in his pretrial motion. We disagree.

CPL 200.20 in relevant part provides that,

"2. Two offenses are 'joinable' when * * *

"(c) Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law".

In cases where joinability rests solely upon the fact that the offenses charged are defined by the same or similar statutory provisions applications for severance are addressed to the trial court's sound discretion pursuant to CPL 200.20 (3) and will be granted "only if [the movant] can persuade the court that the severance should be granted 'in the interest of justice and for good cause shown' " (*People v Lane,* 56 NY2d 1, 7).

In the case at bar, the defendant's conviction of two counts of robbery is predicated on distinct events occurring on or about March 13 and March 14, 1982, which events involved different victims (*see, People v Fiore,* 34 NY2d 81). The crimes were "the

same or similar in law" (CPL 200.20 [2] [c]), and consequently were properly joinable (*see, People v Jenkins,* 50 NY2d 981; *see also, People v DePass,* 35 NY2d 858). Moreover, we find no basis for concluding that the denial of that branch of the motion which was for severance and separate trials amounted to an abuse of discretion. There was *no* claim, convincing or otherwise, that the "defendant [had] 'both important testimony to give concerning one count and strong need to refrain from testifying on the other'" (*People v Lane, supra,* p 8, quoting with approval *Baker v United States,* 401 F2d 958, 977), nor was any other allegation made which would warrant severance "'in the interest of justice and for good cause shown'" (*People v Lane, supra,* p 7; *cf. People v Shapiro,* 50 NY2d 747).

Similarly, we find no basis in the record to support the conclusion suggested by the defendant that he suffered actual prejudice by the denial of that branch of the motion which was for severance and separate trials. The proof of each robbery was overwhelming, and there was no substantial difference in the quantum of proof at trial for the different crimes. Proof of each crime was separately presented, uncomplicated and easily segregable in the jury's mind. No witnesses were presented by the defense, nor, as previously implied, have any claims been advanced that the defendant was deterred from testifying as to one robbery because of an inability to testify as to the second robbery. Finally, the jury was instructed by the court that "the defendant is charged with two crimes and you should keep it separate in mind and render your verdict separately", which instruction we may presume was followed (*see, Opper v United States,* 348 US 84, 95; *United States v Powell,* 469 US __, 83 LEd2d 461, 469).

Nor is there any merit to the defendant's claim that his indeterminate consecutive terms of imprisonment of 7½ years to 15 years, imposed upon his second degree robbery convictions, were unduly harsh and excessive. Though he was sentenced as a second felony offender to the maximum allowable under the law (*see,* Penal Law § 70.06 [3] [c], [4] [b]), we conclude that given the defendant's extensive criminal record, both as a juvenile and adult, the sentences imposed were appropriate and should not be reduced in the interest of justice (*see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be lacking in merit. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.