◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY GILLIAM, Appellant.—Kane, J. P. Appeal from a judg-

ment of the County Court of Albany County (Clyne, J.), rendered October 12, 1983, upon a verdict convicting defendant of the crimes of robbery in the first degree (one count) and robbery in the second degree (two counts).

The relevant facts upon which these convictions are based are as follows. On March 18, 1983, at approximately 8:00 P.M., Winfield Bender, then 65 years old, was walking west on Sherman Street in the City of Albany when two youths, one of whom was identified by Bender at trial as defendant, grabbed a bag of groceries which Bender was carrying and ran underneath a nearby viaduct where it joined Central Avenue. Bender pursued the two and proceeded up a ramp on the viaduct where he recovered his groceries. Defendant called to Bender from an upper portion of the structure and asked for a dollar to buy alcohol. Bender agreed, but when defendant attempted to grab the roll of bills which Bender had in his hand, Bender refused to give him any money and began to climb the stairs toward Central Avenue. Defendant climbed down to a lower portion of the viaduct, at which time the other youth called to Bender, requesting a dollar. Bender refused and then turned to see defendant coming up behind him with a brick. Defendant threw the brick, striking Bender in the forehead. Bender fell to his knees and the other youth, at defendant's express instructions, began to kick Bender in the head, chest and back several times, eventually rendering him helpless. Defendant then went through Bender's pockets and secured $14, some personal papers and a knife. Bender required 17 stitches to close the head wound produced by the brick and suffered four or five broken ribs.

At approximately 10:00 P.M. on March 17, 1983, Michael A. Radley and a friend, Steven Goodspeed, were walking on Spruce Street in the City of Albany when they were stopped by two individuals, one of whom both Radley and Goodspeed identified at trial as defendant, who asked them for money. Radley responded that he had a quarter and gave it to them. Defendant put his hands on Radley's chest and backed him up against a wall. Defendant then put his hands in Radley's and Goodspeed's pockets and made them take off their socks and sneakers. Defendant and the youth with him then left. At the time of this incident, Radley was 14 years old and Goodspeed was 16 years old.

The next day, March 18, 1983, at approximately 7:00 P.M., Radley and Goodspeed were walking on Lark Street in the City of Albany when they spotted defendant and the other youth across the street. Defendant and the other youth

crossed the street and again asked Radley and Goodspeed for money. Radley's and Goodspeed's pockets were again checked by the two and $2 was taken from Goodspeed, as well as the fish fry each boy had. Defendant and the other youth then left. Radley and Goodspeed saw defendant the following day, March 19, 1983, and so informed Goodspeed's father, who summoned the police.

Defendant was indicted on two counts of robbery in the first degree with regard to the incident involving Bender and two counts of robbery in the second degree with regard to the theft of Radley's and Goodspeed's moneys. At the conclusion of the subsequent trial, the trial court submitted only one count of robbery in the first degree to the jury, finding the two counts to be concurrent. Defendant was convicted on each of the remaining three counts submitted to the jury and was sentenced to three indeterminate terms of imprisonment, all to be served consecutively: 8 1/3 to 25 years for robbery in the first degree and 5 to 15 years for each of the two convictions for robbery in the second degree.

Numerous issues are raised by defendant seeking reversal of his conviction on this appeal. Among his contentions are that (1) the trial court erred in denying defendant's motion for a severance; (2) the imposition of consecutive sentences was an abuse of discretion; (3) the sentence imposed was harsh and excessive; and (4) defendant was denied a fair trial.

First, we find that the denial of the motion for a severance in this multiple-count indictment was proper. The counts were by statute properly joinable under CPL 200.20 (2) and the denial of discretionary severance was not an abuse of discretion (see, CPL 200.20 [3]; *People v Lane,* 56 NY2d 1; *People v Jenkins,* 50 NY2d 981; *People v Hoke,* 96 AD2d 677). This conclusion is supported by the positive identification of defendant as one of the perpetrators in *each* of the three offenses committed and an in-court identification amply demonstrated by the record, the suppression of which was properly denied by the trial court (see, *People v Whisby,* 48 NY2d 834, 836; *People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020; *People v Russo,* 52 AD2d 62, 64).

As to the sentence imposed, we are of the view that there should be a partial modification because of the particular circumstances in this case. We do not suggest that consecutive sentences are improper, for the offenses in question constituted separate and distinct acts, distinguishable by time, place and victim, and for which the imposition of consecutive sentences is discretionary (Penal Law § 70.25 [1]; *People v Brath-*

*waite,* 63 NY2d 839, 843; *see, People v Hooks,* 96 AD2d 1001, 1002). However, there is a substantial difference in the nature of the offenses committed. The attack on Bender was a vicious, life-threatening assault upon an elderly man, while the other robberies were virtually lacking in physical contact. It is entirely possible that the trial court's justifiable outrage at the attack upon Bender may have influenced its decision to impose the maximum sentence for the other two robberies without giving adequate consideration to the contents of the probation report. In any event, in our view, and in the interest of justice, we do not believe the legitimate goals of punishment would be furthered by imposing consecutive rather than concurrent sentences for the two incidents involving Radley and Goodspeed. We therefore reduce the indeterminate prison sentences imposed for the crimes committed against Radley and Goodspeed to 4 1/3 to 13 years, to be served concurrent with one another. These new concurrent sentences are to run consecutive to the sentence imposed for the crime committed against Bender (CPL 470.15; *cf. People v Bacquie,* 99 AD2d 723, 724; *People v Berkeley,* 59 AD2d 594).

Finally, we find defendant's other arguments as to evidentiary matters and the conduct of the trial to be without merit (*see, People v Yut Wai Tom,* 53 NY2d 44; *People v Hazen,* 94 AD2d 905).

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences for the two counts of robbery in the second degree to an indeterminate sentence of imprisonment with a minimum of 4 1/3 years and a maximum of 13 years on each count, to run concurrently with each other and consecutively to the sentence imposed for the conviction of robbery in the first degree, and, as so modified, affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.