■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PEPE, Appellant.—Appeal by defendant from two judgments of the County Court, Nassau County (Harrington, J.), both rendered December 7, 1982, convicting him of murder in the second degree and attempted burglary in the third degree, upon jury verdicts, and imposing sentences. These appeals bring up for review the denial, after a hearing, of that part of defendant's omnibus motion which sought suppression of certain statements.

Judgments affirmed.

In the early morning hours of October 25, 1981, the body of John Dodson was discovered in the rear of a group of stores in the Oceanside Plaza Shopping Mall. In the course of their investigation, the police interviewed 16-year-old defendant Thomas Pepe, who had been seen at about 1:00 A.M. the morning of the homicide trying to gain access, along with two others, to the game room of the adjacent Nathans Family Restaurant (where the deceased was employed). After being advised of his *Miranda* rights, defendant voluntarily spoke to detectives and implicated himself, along with Michael Ousterman and Brian Weiss, in an attempted burglary of one of the stores at the shopping mall. He denied, however, involvement in the homicide, but noted that Ousterman had told him, as they walked back to Weiss' house after the burglary attempt, that "[he] really had to f* * * [Dodson] up [because] [h]e got queer with [him]". Following this and subsequent consistent statements, defendant was placed under arrest and the following morning he was arraigned for attempted burglary at proceedings that were adjourned for two days primarily so that defendant's family could retain counsel.

Later that same day, after an interview with Brian Weiss, who indicated that Dodson was still alive after the aborted break-in, the police, concluding that defendant's prior statements had not been entirely truthful, requestioned defendant. Readvised of his rights, defendant admitted his involvement in the homicide.

On this appeal, defendant contends, *inter alia,* that his postarraignment statements, wherein he admitted his involvement in the murder of John Dodson, were obtained in derogation of his right to counsel and should have been suppressed. We do not agree.

At the outset, it should be noted that the pending unrelated

burglary charge did not, ipso facto, bar the police from readvising defendant of his rights and interrogating him on the homicide since he was not, as nisi prius properly found, represented by counsel at the time of interrogation *(see, People v Kazmarick,* 52 NY2d 322, 324; *cf. People v Lucarano,* 61 NY2d 138). Nonetheless, since defendant's right to counsel on the attempted burglary charge had attached upon arraignment *(see, People v Grimaldi,* 52 NY2d 611, 616), the police were precluded from questioning him on the homicide matter in a way that would be " 'so interrelated and intertwined' with, and not fairly separable from" the arraigned burglary charge that his right to counsel would be violated *(People v Miller,* 54 NY2d 616, 618-619; *People v Ermo,* 47 NY2d 863, 865; *cf. People v Smith,* 62 NY2d 306). A careful reading of the record herein convinces us that the police did not engage in any such impermissible questioning linking the two crimes.

Before requestioning defendant, the interrogating detective was instructed to avoid asking questions as to the attempted burglary. When the detective met with defendant, he informed him that Brian Weiss had just been interviewed and asked defendant to relate events that occurred when the trio had returned to Weiss' house (i.e. after the burglary had failed and was over): "I would like to hear your part of it from the time you and Michael Ousterman were behind Brian Weiss' house". Defendant responded that after seeing Dodson in the shopping mall, the three proceeded to Weiss' house and while Weiss remained there he and Ousterman returned to the mall where they killed Dodson. During the entire questioning, the detective was careful not to mention the attempted burglary and defendant did not mention the crime. Under these circumstances, where the crimes involved were temporally separated and questioning scrupulously avoided reference to the attempted burglary, nisi prius was correct in denying suppression on an intertwined questioning theory *(cf. People v Angus,* 81 AD2d 971, *affd* 56 NY2d 549).

We have considered defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.