■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID T. CLARK, Appellant.—Appeal by the defendant from two judgments of the County Court, Orange County (Miller, J.), both rendered November 5, 1982, convicting him of rape in the first degree (two counts; one as to each indictment) and sodomy in the first degree (two counts; one as to each indictment), upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was charged in two separate indictments with raping and sodomizing two teen-age girls who lived in the same apartment complex as he. Prior to trial, the court granted a motion by the People for a joint trial of both indictments. The court agreed with the People's contention that there were unusual similarities in the manner in which the offenses were committed, and therefore, since the perpetrator's identity was put in issue by the defendant as to one of the crimes, evidence of the other was admissible as proof that it was the defendant who committed both crimes *(see, People v Beam,* 57 NY2d 241, 250-251; *People v Molineux,* 168 NY 264). The defendant does not dispute the uniqueness of his *modus operandi* but he argues that the motion for a joint trial should not have been granted precisely because of the danger that the jury would be persuaded by the cumulative effect of similar testimony from two different victims. The potential for prejudice feared by the defendant will always arise whenever evidence of one crime is admitted at the trial of another; however, it is the trial court's function to weigh such potential for prejudice against the probative value of the evidence to determine its admissibility *(see, People v Allweiss,* 48 NY2d 40, 46-47). In the case at bar, we find no abuse of discretion in the court's conclusion that the probative value of evidence of the defendant's *modus operandi* on the issue of identity outweighed its potential for prejudice, that proof of one of the rapes charged would be admissible at trial of the other and that a joint trial should therefore be granted (CPL 200.20 [2] [b]; [4], [5]). We note that the potential for prejudice was minimized by the court's instruction to the jury that they should consider each charge individually and not conclude that if the defendant committed one crime he must have committed them all.

The other issues raised by the defendant in his *pro se* supplemental brief are either unpreserved for appellate review or insufficient to warrant reversal in view of the overwhelming evidence of the defendant's guilt. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.