■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NELSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered January 2, 1986, convicting him of assault in the second degree (three counts) and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was for separate trials of counts one, two and three of the indictment from counts four and five of the indictment.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's conviction is predicated on distinct events which occurred during the early morning hours of June 17, 1984, which events occurred at two different locations at two different times, and involved different victims. The crimes were "the same or similar in law" (CPL 200.20 [2] [c]) and were consequently properly joinable (see, People v Jenkins, 50 NY2d 981). On appeal, the defendant argues that the trial court abused its discretion in denying that branch of the

defendant's omnibus motion which was for separate trials, and that the combined trial concerning these two events resulted in the denial of his right to a fair trial because the jury was persuaded by the cumulative effect of the evidence presented with respect to the two different crimes.

The trial court did not abuse its discretion in denying that branch of the defendant's omnibus motion which was for separate trials. The defendant's bald assertions that he had important testimony to give regarding the counts which related to one incident and that he did not necessarily intend to testify regarding the counts which related to the other incident did not constitute a convincing showing that he had both important testimony to give concerning some counts and a genuine need to refrain from testifying on the others (see, CPL 200.20 [3] [b]; *People v Lane,* 56 NY2d 1, 8). "[C]onclusory statements with respect to an alleged violation of 5th Amendment rights can hardly be deemed to constitute the convincing proof required" to obtain separate trials under CPL 200.20 (3) *(People v Anderson,* 118 AD2d 788, 790, *lv denied* 67 NY2d 1050, citing *People v Simpkins,* 110 AD2d 790, *lv denied* 66 NY2d 618).

Furthermore, we find no basis in the record to support the conclusion that the defendant suffered actual prejudice as a result of the denial of that branch of his omnibus motion which was for separate trials. The defendant was identified as the perpetrator of each incident by more than one witness *(cf., People v Gilliam,* 112 AD2d 475, *lv denied* 66 NY2d 919; *People v Hoke,* 96 AD2d 677), and the "[p]roof of each crime was separately presented, uncomplicated and easily segregable in the jury's mind" *(People v Mack,* 111 AD2d 186, 188, *lv denied* 66 NY2d 616). There was no substantial difference in the quantum of proof at trial for the different crimes. Indeed, the independent proof of each assault was overwhelming *(cf., People v Mack, supra).* Lastly, we note that the jury was instructed by the court "to consider each count separately" in determining whether the People had proven the defendant's guilt beyond a reasonable doubt, which instruction we may presume was followed (see, *People v Mack, supra; People v Clark,* 129 AD2d 724).

There is no merit to the defendant's argument that the prosecutor's summation was so improper under the circumstances as to constitute reversible error. Further, in view of the defendant's criminal history, we see no basis for disturbing the sentence imposed by the trial court. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.