THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE BARKSDALE, Appellant.

The defendant's contention that his confession was involun-

tarily obtained is without merit. This detailed oral account of his spree of burglaries and sexual attacks was offered after the defendant was at least twice advised of his constitutional rights by two different police officers, and after he once himself read the card upon which these rights were printed. He then signed and dated this card. This was clearly an effective waiver of his rights, including his right to remain silent. His subsequent refusal to sign the transcript of his confession did not render invalid his prior knowing, intelligent and voluntarily offered confession *(Connecticut v Barrett,* 479 US 523). The People established the voluntariness of the statement. Accordingly, the confession was properly received into evidence *(see, People v Leftwich,* 134 AD2d 371, 372, *lv denied* 70 NY2d 957). The determination of the hearing court, after it both heard and saw the People's witnesses and their uncontroverted testimony of the voluntariness of the defendant's confession, must be accorded great weight *(see, People v Harris,* 134 AD2d 369, *lv denied* 70 NY2d 955). As this determination is clearly supported by the record it will not be disturbed on this appeal *(see, People v Gagne,* 129 AD2d 808, *lv denied* 70 NY2d 704).

Additionally, the trial court did not improvidently exercise its discretion by denying the defense motion to sever various counts of the 21-count indictment. These counts covered five criminal transactions, four of which were legally similar and all of which were proven through the defendant's confession *(People v Peterson,* 42 AD2d 937, *affd* 35 NY2d 659; *see also, People v Angelo,* 133 AD2d 832). Moreover, as he was acquitted on six counts, the defendant can make no showing of prejudice which would have warranted severance *(see, People v Stewart,* 105 AD2d 858, 859).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit *(see, People v Evans,* 135 AD2d 648). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.