■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MARTIN, Also Known as BLACKIE MARTIN, Appellant. —Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered August 5, 1985, convicting him of robbery in the first degree (13 counts) and burglary in the first degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were for separate trials of the counts of the indictment relating to each of five separate robbery incidents and which were to suppress physical evidence and statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's conviction is predicated on five distinct robberies occurring during July and August 1984 at five different homes in Lawrence, Long Island. The crimes, which involved 13 victims, were joined in one indictment. Initially, we note that the crimes were "the same or similar in law" (CPL 200.20 [2] [c]) and were consequently properly joinable *(see, People v Jenkins,* 50 NY2d 981; *People v Barksdale,* 140 AD2d 531; *People v Nelson,* 133 AD2d 470). The defendant argues that the trial court improvidently exercised its discretion in denying his severance application since the trial resulted in the jury's considering together the evidence presented with respect to the five different crimes (CPL 200.20 [3]). We find no basis in the record to support the assertion that the defendant suffered actual prejudice as a result of the denial of the severance application. The defendant was identified as the perpetrator of four of the incidents by at least one victim of each crime *(see, People v Nelson, supra,* at 471; *cf., People v Gilliam,* 112 AD2d 475, *lv denied* 66 NY2d 919; *People v Hoke,* 96 AD2d 677), and the " '[p]roof of each crime was separately presented, uncomplicated and easily segregable in the jury's mind' " *(People v Nelson, supra,* at 471, quoting from *People v Mack,* 111 AD2d 186, 188, *lv denied* 66 NY2d 616). There was no substantial difference in the quantity of proof at trial for the crimes. In fact, the independent evidence of the defendant's guilt of each robbery and burglary was overwhelming *(see, People v Nelson, supra).* It should be noted

that, based on the remarkable similarity in the manner in which these crimes were committed, joinder was also appropriate under CPL 200.20 (2) (b) *(see, People v Lane,* 56 NY2d 1, 7; *People v Clark,* 129 AD2d 724, 725).

Additionally, the defendant claims that the branch of his omnibus motion which was to suppress physical evidence should have been granted. While we agree with the court's finding that the initial plain-view observation of the defendant's automobile on August 15, 1984, in a Bronx parking lot, and the registration check derived therefrom, was proper *(see, Coolidge v New Hampshire,* 403 US 443, *reh denied* 404 US 874), the search of the vehicle's glove compartment and the car's impoundment without a warrant two days later and four days prior to the defendant's arrest was unlawful since the investigating detectives had ample opportunity to secure a warrant. Once the police possessed "a reasonable belief that the vehicle was, in some way, associated with the crime and that a search of the vehicle would 'produce the fruits, instrumentalities, contraband or evidence' of the crime" *(People v Clark,* 45 NY2d 432, 438, *rearg denied* 45 NY2d 839, quoting from *People v Lewis,* 26 NY2d 547, 552), they could have conducted a warrantless search and seizure of the vehicle. The detectives could not, however, return to the vehicle two days later and search and seize the vehicle without a warrant *(see,* 3 LaFave, Search and Seizure § 7.2 [b], at 40-41 [2d ed]). Accordingly, pictures of and testimony concerning the impoundment of the car and the jewelry located therein, later identified by one of the robbery victims, should have been suppressed. Despite the admission of this physical evidence, however, there is no reason to reverse the defendant's conviction since there exists substantial corroborating identification testimony *(see, Wong Sun v United States,* 371 US 471; *People v Arnau,* 58 NY2d 27, 32).

Furthermore, that branch of the omnibus motion which was to suppress the defendant's inculpatory statements was properly denied. It is without question that the defendant's right to counsel indelibly attached at the moment he was arrested pursuant to the arrest warrant for the crimes *(see, People v Kazmarick,* 52 NY2d 322). However, "[a] pending unrelated criminal case upon which an arrest warrant has issued does not bar the police from questioning a suspect when the suspect does not in fact have counsel on the unrelated charge" *(People v Kazmarick, supra,* at 324; *see, People v Ferringer,* 120 AD2d 101, 106-107; *People v Pepe,* 114 AD2d 383, 384). Accordingly, the defendant's voluntary waiver of his right to counsel

permitted the arresting detectives to question him on the unrelated Belkin robbery. "Under these circumstances, where the crimes involved were temporally separated and questioning scrupulously avoided reference to the [unrelated charge, the hearing court] was correct in denying suppression on an intertwined questioning theory" *(People v Pepe, supra,* at 384). Finally, the defendant's inculpatory statements concerning the Belkin robbery elicited by an informant during a noncustodial telephone conversation and recorded by the police did not violate his indelible right to counsel with respect to the unrelated crime *(see, People v Hauswirth,* 89 AD2d 357, *affd* 60 NY2d 904; *see also, People v Bertolo,* 65 NY2d 111; *People v Barley,* 124 AD2d 1021).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.