■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN ANTHONY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered September 7, 1988, convicting him of sodomy in the first degree (four counts), rape in the first degree (four counts), robbery in the first degree (four counts), burglary in the first degree (four counts), burglary in the second degree, robbery in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were for separate trials of the counts of the indictment relating to each of five separate incidents of sexual assault, and which were to suppress identification evidence and statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was arrested after one victim of a sexual assault positively identified him as her assailant. He subsequently made oral and videotaped statements implicating himself in the sexual assaults of three other women. On appeal, the defendant's primary contention is that his confession was the result of psychological coercion by the police, who allegedly exploited his vulnerability as a mentally retarded youth. Upon our review of the record of the *Huntley* hearing, however, we perceive no basis to overturn the hearing court's finding that the statements in question were freely and voluntarily given, and were not the product of coercion.

Moreover, while it was stipulated at the hearing that the defendant has an intelligence quotient of 74, the record further supports the hearing court's conclusion that the defendant, no novice to the criminal justice system, fully understood the immediate import of *Miranda* warnings and was thus able to make an effective waiver *(see, People v Williams,* 62 NY2d 285; *People v Zuluaga,* 148 AD2d 480; *People v Avilez,* 121 AD2d 391, 392; *People v Dorsey,* 118 AD2d 653).

Additionally, the Supreme Court did not improvidently exercise its discretion by denying the application to sever various counts of the indictment, which charged the defendant with having robbed and sexually assaulted five women over a one-year period. Contrary to the defendant's contention, we find no basis in the record to support the assertion that he suffered actual prejudice as a result of the denial of the severance application *(see, People v Martin,* 141 AD2d 854; *People v Barksdale,* 140 AD2d 531, 532). In this regard, we note that the defendant was identified as the perpetrator of four of the incidents by at least one victim of each crime *(see, People v Martin, supra; People v Hoke,* 96 AD2d 677; *cf., People v Gilliam,* 112 AD2d 475), and that " ' "[p]roof of each crime was separately presented, uncomplicated and easily segregable in the jury's mind" ' " *(People v Martin, supra,* at 854, quoting from *People v Mack,* 111 AD2d 186, 188).

The defendant's final contention that the trial court erred in refusing to reopen the *Wade* hearing at an advanced stage of the trial in order to permit him to call an identification witness, is without merit. Absent special circumstances which do not appear at bar, the defendant had no right to call this witness at the hearing *(see, People v Chipp,* 75 NY2d 327; *cf., People v Ocasio,* 134 AD2d 293, 294). In any event, the defendant's application to reopen the hearing was predicated on the fact that an investigating police officer might have indicated to the witness that the defendant, whose photograph she had selected, would appear in a subsequent lineup, and it is settled that that fact alone does not render the lineup impermissibly suggestive *(see, People v Rodriguez,* 64 NY2d 738; *People v Wiredo,* 138 AD2d 652; *People v Hammond,* 131 AD2d 876, 878). We would note that the trial court erred in making a determination as to independent source based on the trial testimony of the witness who did not testify at the *Wade* hearing *(see, People v Riley,* 70 NY2d 523, 531-532; *People v Ryan,* 147 AD2d 508, 509). However, this error is harmless since the lineup was not suggestive. Kunzeman, J. P., Eiber, Sullivan and Miller, JJ., concur.