■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON MCNEIL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered June 1, 1987, convicting him of robbery in the first degree, sexual abuse in the first degree (two counts), grand larceny in the third degree, criminal possession of a weapon in the fourth degree (two counts), endangering the welfare of a child, attempted robbery in the first degree, attempted robbery

in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction is predicated on 2 distinct incidents, 1 involving a robbery and the second involving an attempted robbery, which occurred on separate days during February and March 1986 at two different apartment buildings in Brooklyn, New York. These crimes, as well as a third incident giving rise to charges which were later dismissed, were joined in one indictment. The crimes of which the defendant was convicted were "the same or similar in law" (CPL 200.20 [2] [c]) and, consequently, were properly joinable (see, People v Jenkins, 50 NY2d 981; People v Martin, 141 AD2d 854; People v Mack, 111 AD2d 186). The defendant contends that the trial court erroneously denied his motion to sever the offenses since there was substantially more proof on one incident than on the other and the jury was unable to consider the proof separately as to each offense (see, CPL 200.20 [3] [a]). There is no basis in the record to support the assertion that the defendant suffered actual prejudice as a result of the denial of the severance application. The defendant was identified as the perpetrator of each of the two incidents by the victim of each crime (see, People v Nelson, 133 AD2d 470; cf., People v Forest, 50 AD2d 260), and the proof of each crime was presented separately, enabling the jury to segregate the evidence (see, People v Martin, supra).

Furthermore, the defendant's bald assertions that he had important alibi testimony to give regarding the counts relating to one incident and that he did not necessarily intend to testify regarding the counts that related to the other incident did not constitute such a convincing showing as to mandate a severance (see, People v Nelson, supra).

In addition, we find no basis for disturbing the sentence imposed by the trial court. Bracken, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.