■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH YOUNG, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Marrus, J.), both rendered December 9, 1987, convicting him of robbery in the first degree (five counts), rape in the first degree (two counts), burglary in the first degree (two counts), sodomy in the first degree (two counts), and sexual abuse in the first degree (five counts), under indictment No. 8686/86, upon a jury verdict, and robbery in the first degree (five counts), rape in the first degree (four counts), burglary in the first degree (two counts), sexual abuse in the first degree (two counts), and sodomy in the first degree, under indictment No. 663/87, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's conviction under indictment No. 8686/86 is predicated on five distinct incidents which occurred during October and November 1986 at five different apartment buildings in Brooklyn, New York. The crimes, which involved five victims, were joined in one indictment. With respect to indictment No. 663/87, the defendant's convictions are again based on five distinct incidents which occurred during March, October, November and December 1986 at five different apartment buildings in Brooklyn, New York. The crimes, which involved another set of five victims, were joined under a second and separate indictment. Each indictment was the subject of a separate trial.

We note that the crimes joined in each indictment were "the same or similar in law" (CPL 200.20 [2] [c]) and were consequently properly joinable *(see, People v Jenkins,* 50 NY2d 981; *People v Martin,* 141 AD2d 854; *People v Nelson,* 133 AD2d 470). The defendant argues that the court at each trial improvidently exercised its discretion in denying his severance application since each trial resulted in the jury considering together the evidence with respect to the different crimes.

We disagree. There is no basis in the record to support the assertion that the defendant suffered prejudice as a result of the denial of either one of his severance applications. At each

trial the defendant was identified as the perpetrator by each victim and the proof of each crime was separately presented, uncomplicated and easily segregable in the minds of the jurors *(see, People v Martin, supra; People v Nelson, supra).* There was no substantial difference in the quantity of proof at either trial for the crimes. Indeed, the independent proof of each crime was overwhelming *(see, People v Martin, supra).* The jury was instructed at each trial to consider each count separately in determining whether the People proved the defendant's guilt beyond a reasonable doubt. We may presume those instructions were followed *(see, People v Nelson, supra).*

The defendant's other contention regarding the alleged commingling of the evidence under indictment No. 8686/86 is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951). In any event, it is without merit *(cf., People v Pinkas,* 156 AD2d 485). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.