■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered January 14, 1988, convicting him of assault in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case arose from incidents on December 10, 1983, and January 15, 1985, in which the defendant beat separate female complainants. In connection with the incidents, the defendant was charged, under a single indictment, with assault, rape, sodomy, and sexual abuse.

The trial court did not improvidently exercise its discretion in denying the defendant's motion to sever the indictment and

for separate trials on the respective incidents. The defendant failed to make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of these cases, and to demonstrate in concrete terms that he had a strong need to refrain from testifying concerning the charges arising from one incident, and important testimony to present concerning the second incident (see, CPL 200.20 [3] [b]; *People v Lane,* 56 NY2d 1; *People v Jenkins,* 146 AD2d 804, 805; *People v Telford,* 134 AD2d 632). Also, contrary to the defendant's contention, the fact that sex crimes are involved in both incidents does not provide a sufficient basis to require a severance (see, *People v Telford, supra,* at 633).

Furthermore, we find no basis in the record to support the defendant's conclusion that he suffered actual prejudice as a result of the denial of the severance motion. The proof of each crime was separately presented, uncomplicated, and easily segregable in the jury's mind (see, CPL 200.20 [3] [a]; *People v Nelson,* 133 AD2d 470, 471; *People v Mack,* 111 AD2d 186, 188). There was no substantial difference in the quantum of proof at trial for the different crimes (see, *People v Nelson, supra,* at 471). Indeed, the independent proof of each assault was overwhelming (cf., *People v Mack, supra).* We also note that the court instructed the jury to consider the evidence presented as to the December 10, 1983, incident separately from the evidence presented as to the January 15, 1985, incident, which instruction we may presume was followed (see, *People v Nelson, supra,* at 471; *People v Mack, supra).*

The defendant further claims error in the People's summation. However, the claimed errors in the prosecutor's remarks in summation were, for the most part, unpreserved for appellate review (see, *People v Medina,* 53 NY2d 951; *People v Coker,* 135 AD2d 723). In any event, all of the remarks were permissible responses to the summation of defense counsel in which the credibility of the complainants was impugned (see, *People v Thomas,* 147 AD2d 510, 511).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.