■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE SQUIRES, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered October 27, 1987, convicting him of robbery in the third degree (two counts), grand larceny in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that on December 9, 1986, the defendant robbed the Judaica Gift Shop in Spring Valley of a quantity of jewelry, by taking an assortment of gold chains and rings, and warning the shop clerk not to follow him because he had a gun. In an unrelated incident in Nanuet on December 12, 1986, the defendant told a shoe store salesman that he had a gun and took cash from the store's cash drawer. Finally, on December 29, 1986, the defendant stole $22 from a taxi driver in Spring Valley.

The defendant contends that the trial court should have severed the three cases against him, and that he was prejudiced when the prosecutor cross-examined him and his girlfriend about his status as a welfare recipient. He also submits that his sentence is excessive. The defendant's contentions are without merit.

CPL 200.20 (3) (b) provides that properly joined charges can be severed for trial, in the court's discretion, if the defendant makes a "convincing showing that [he] has both important

testimony to give concerning one count and a genuine need to refrain from testifying on the other[s], which satisfies the court that the risk of prejudice is substantial". The defendant concedes that he made no such showing. Given the vague, speculative, conclusory, and unsupported character of his claims that he had important testimony to give as to one crime but needed to remain silent on the others, the trial court properly denied his motion (see, People v Nelson, 133 AD2d 470).

Moreover, the record supplies no basis to conclude that the defendant was in any way prejudiced. The proof of each crime was clearly presented, was uncomplicated, and was easily segregable in the jurors' minds. There was no substantial difference in the quantum of proof adduced at trial for the different crimes—indeed, the independent proof for each robbery and larceny was overwhelming, with the defendant himself admitting on the stand that he committed lesser degrees of two of the crimes charged. The trial court adequately instructed the jury that separate verdicts on each charge must be rendered, and that each charge must be proven beyond a reasonable doubt (cf., People v Nelson, supra; People v Mack, 111 AD2d 186). Finally, the fact that the jury acquitted the defendant of the top count of the indictment strongly suggests that the defendant suffered no actual prejudice from the joint trial (cf., People v Barksdale, 140 AD2d 531).

The defendant's complaint regarding the prosecutor's cross-examination of himself and his alibi witness regarding his status as a welfare recipient is unpreserved for appellate review (see, CPL 470.05 [2]; People v Pellechia, 144 AD2d 704, 705), and in any event is without merit. The alibi witness had claimed that she remembered spending December 9, 1986, the day of the Judaica Gift Shop robbery, with the defendant in New York City because it was the day after he had cashed his welfare check. The prosecutor had a burden to disprove the defendant's alibi defense beyond a reasonable doubt, and therefore properly cross-examined the witness about her memory of this event (cf., People v Spruill, 125 AD2d 510). Furthermore, the defendant's concealing of income and assets from the Department of Social Services was probative of his lack of honesty, and constituted a legitimate basis for impeachment of his credibility.

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.