■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GARDNER, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Joy, J.), both rendered March 6, 1990, convicting him of robbery in the first degree, robbery in the third degree, attempted burglary in the first degree, attempted burglary in the second degree, and criminal mischief in the fourth degree under Indictment No. 1280/89, upon a jury verdict, and criminal possession of a controlled substance in the third degree under Indictment No. N10322/89, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The trial court did not improvidently exercise its discretion in denying the defendant's motion for a severance (see, People v Hall, 169 AD2d 778, 778-779; People v Pierce, 141 AD2d 864, 865). Joinder was proper under CPL 200.20 (2) (c) since the counts of robbery and attempted burglary in the first degrees, although based upon different criminal transactions, are defined by the same or similar statutory provisions (see, CPL 200.20 [2] [c]; People v Edwards, 160 AD2d 720, 721). Specifically, each crime carries the "display" element, whereby a perpetrator must have "display[ed] what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (see, Penal Law § 140.30 [4]; § 160.15 [4]). Once these offenses were properly joined, it was incumbent upon the defendant to demonstrate good cause as to why separate trials were required (see, CPL 200.20 [3]). The defendant failed to satisfy this burden (see, People v Hall, supra; People v Nelson, 133 AD2d 470, 471; People v Mack, 111 AD2d 186, 188).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 91 AD2d 562, 563, *affd* 60 NY2d 620; *People v Cobbs,* 161 AD2d 723), we find that it was legally sufficient to establish the defendant's guilt of attempted burglary in the first degree *(see, People v Lopez,* 73 NY2d 214, 220; *People v Baskerville,* 60 NY2d 374).

The defendant's remaining contentions with respect to his conviction under Indictment No. 1280/89 are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit.

In light of our determination, there is no basis for vacatur of the defendant's plea under Indictment No. N10322/89 *(see, People v Clark,* 45 NY2d 432). Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.