■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PREZIOSO, Appellant. [604 NYS2d 256] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered April 30, 1990, convicting him of rape in the first degree (three counts), sodomy in the first degree (three counts), incest (three counts), endangering the welfare of a child (three counts), and sexual abuse in the first degree (18 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the offenses charged in the indictment arose out of separate sexual assaults, they were properly joined for trial pursuant to CPL 200.20 (2) (c) and the court did not improvidently exercise its discretion in denying the defendant's pretrial motion for severance under CPL 200.20 (3). The defendant failed to adequately set forth the manner in which he would be prejudiced by trying all the charges together (see, *People v Lane,* 56 NY2d 1; *People v Rivera,* 186 AD2d 594; *People v Pierce,* 141 AD2d 864).

The crimes joined in the indictments were "the same or similar in law" (CPL 200.20 [2] [c]) and, since proof of each crime was presented separately and in an uncomplicated, easily segregable fashion, it cannot be said that the defendant suffered any prejudice by the joinder. There was no substantial difference in the quantum of proof for the different crimes. Further, the evidence of the defendant's guilt on each of the counts was quite strong through the testimony of the children, the medical evidence of the multiple penetrations, the fact that the defendant transmitted venereal diseases to two of the victims, and the mother's testimony that the defendant was with the children during the periods in which the violations occurred (see, *People v Jenkins,* 50 NY2d 981; *People v Brennin,* 184 AD2d 715; *People v Hall,* 169 AD2d 778; *People v Young,* 167 AD2d 441; *People v Martin,* 141 AD2d 854; *People v Nelson,* 133 AD2d 470; *People v Mack,* 111 AD2d 186).

Where there has been a conviction upon legally sufficient evidence, the propriety of the trial court's decision to deny the defendant's motion to inspect the Grand Jury minutes and to dismiss the indictment is not reviewable (see, CPL 210.30 [6]; *People v Miller,* 121 AD2d 477). Accordingly, the defendant's claims as to the competency of the evidence before the Grand Jury or the instructions are not properly raised. Further, since the defendant's claims on appeal do not concern the integrity of the proceedings, they are not reviewable (see, CPL 210.35 [5]; *People v Darby,* 75 NY2d 449).

The sentence imposed was not excessive. The defendant's

remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.