■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOOMIS OWENS, Appellant. [608 NYS2d 501] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered September 27, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree after he sold crack cocaine to an undercover police officer on two occasions. At the trial, tapes of conversations between the defendant and the undercover officer were admitted into evidence, and the court allowed the jury to use transcripts of the tapes as an aid in following the conversations. The defendant has failed to preserve for appellate review his claim that the trial court erred in admitting the audiotapes, because they were not accurate and reliable. In any event, we have reviewed the audiotapes and find that the court did not improvidently exercise its discretion in admitting the tapes in evidence (see, People v Morgan, 175 AD2d 930; People v Carrington, 151 AD2d 687). The defendant's claim that the transcripts used by the jury were inaccurate is also unpreserved for appellate review (see, People v Reynolds, 192 AD2d 320). In any event, the claim is without merit, since it is well settled that a court may provide a jury with transcripts as an aid to follow audiotapes, especially where, as here, the court on several occasions instructed the jury that the transcripts could not be used as evidence (see, People v Lubow, 29 NY2d 58; People v Robinson, 158 AD2d 628; People v Carrington, supra).

The trial court properly denied the defendant's motion for a separate trial, because he failed to make a convincing showing that he would be prejudiced by a joint trial of the charges

against him *(see, People v Squires,* 171 AD2d 893). Furthermore, at the trial "[t]he proof of each crime was clearly presented, was uncomplicated and was easily segregable in the jurors' minds" *(People v Squires, supra,* at 894).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80). Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.