■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. GOLDSBOROUGH, Appellant. [609 NYS2d 967] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered November 27, 1991, upon a verdict convicting defendant of the crimes of sodomy in the first degree (three counts) and rape in the first degree.

Defendant was charged, in a single indictment, with two counts of sodomy in the first degree stemming from a forced sexual encounter with the first victim in 1990 (the first and second counts), and with one count of sodomy in the first degree and one count of rape in the first degree arising from a similar encounter with the second victim in 1988 (the third and fourth counts). In defense, he attempted to show that the encounters had been consensual; in the case of the first victim, by the testimony of a bartender who claimed to have seen her responding amorously toward defendant earlier in the evening, and in the second victim's case, by attempting to show that he had been involved in an ongoing romantic relationship with her at about the time of the alleged attack.

Prior to trial, defendant moved for a severance, seeking to have the charges involving the second victim tried separately from those concerning the first victim. In support of his motion, defendant maintained that he had crucial testimony to offer bolstering the existence of his claimed affair with the second victim, which formed the cornerstone of his defense to the third and fourth counts, as well as a genuine need to refrain from testifying with regard to the incident involving the first victim, much of which he did not remember. He also argued that because the two incidents allegedly took place at the same location and involved similar crimes, the jury would be likely to find him guilty of the 1988 occurrence because of the assertedly more substantial evidence implicating him in the alleged attack on the first victim in 1990. The motion was denied and defendant, who was ultimately convicted of all four charges, appeals.

Assuming, without deciding, that defendant is correct in his contention that the charges relating to the two incidents were properly joinable only under CPL 200.20 (2) (c),* County Court nevertheless retained broad discretion to decide whether a severance was necessary to avoid undue prejudice and to assure a fair trial *(see, People v Cabrera,* 188 AD2d 1062, 1063). The record indicates that County Court considered the risks attendant to a joint trial and properly found them insufficient to warrant a severance.

Although defendant's testimony concerning his relationship with the second victim would have undoubtedly provided support for his defense to those particular charges, he failed to demonstrate that he had a strong need to refrain from testifying about the later incident involving the first victim. His showing in this latter regard, which essentially amounts to an assertion that his testimony pertaining to that evening, being incomplete because of his lack of memory, in all probability would not be believed, does not rise to the level necessary to compel a finding that undue prejudice would result if all of the charges were tried together *(see, People v Nelson,* 133 AD2d 470, 471, *lv denied* 71 NY2d 971).

Nor was the proof of the 1990 incident "substantially" greater than that supporting the charges respecting the 1988 event *(see,* CPL 200.20 [3] [a]). Bearing in mind that defendant did not deny being with either victim at the house in which the attacks took place on the evenings in question, the only

---

* If, as the People suggest, joinder was proper under CPL 200.20 (2) (b), no severance could be granted *(see, People v Lane,* 56 NY2d 1, 7).

contested issue was that of consent; and, on that point, the evidence against defendant in each case consisted for the most part of the testimony of the victim and of those to whom she reported the incident.

Finally, there is no reason to believe that the jury, which was correctly charged that it was not to consider defendant's criminal conduct on one occasion as evidence that he had a propensity or disposition to commit the other crimes charged, was unable to weigh the evidence pertaining to each episode separately (see, People v McNeil, 165 AD2d 882, 883, lv denied 76 NY2d 988; People v Mack, 111 AD2d 186, 188, lv denied 66 NY2d 616).

In short, defendant simply did not meet his burden of showing that separate trials were necessary.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.

