■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY JARVIS, Appellant. [626 NYS2d 832] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered July 18, 1994, convicting him of rape in the third degree (three counts), sodomy in the third degree (six counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the trial court improperly admitted evidence of uncharged crimes and of the defendant's criminal propensity. However, we find that the challenged evidence was properly admitted as directly probative of the count of endangering the welfare of a child *(see, People v Keindl,* 68 NY2d 410).

Further, the court properly permitted the People to amend their bill of particulars (CPL 200.95 [8]). The amendment did not change the theory of the case as set forth in the indictment; it merely corrected the location of the crime *(see, People v Parker,* 186 AD2d 157). Accordingly, the amendment did not constitute a constructive amendment of the indictment *(see, People v Grega,* 72 NY2d 489).

The court also acted within its discretion when it denied the

defendant's motion to sever three counts of the indictment. The defendant failed to "make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of these cases" *(see, People v Rivera,* 186 AD2d 594, 595; *People v Lane,* 56 NY2d 1; *People v Hall,* 169 AD2d 778). Further, there is no basis in the record to support the defendant's contention that he was actually prejudiced by the court's denial of his severance motion *(see, People v Hall, supra; People v Young,* 167 AD2d 441; *People v McNeil,* 165 AD2d 882).

We also reject the defendant's contention that the jury returned inconsistent verdicts. The defendant's acquittal of sexual abuse in the third degree did not necessarily negate an essential element of the crime of endangering the welfare of a child *(see, People v Goodfriend,* 64 NY2d 695; *People v Abi-Zeid,* 178 AD2d 604; *People v Alfaro,* 108 AD2d 517, *affd* 66 NY2d 985).

We have examined the defendant's remaining contentions and find them to be without merit. Miller, J. P., Thompson, Pizzuto and Santucci, JJ., concur.