■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIAN ERICK GEHY, Appellant. [656 NYS2d 58] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered May 8, 1995, convicting him of murder in the second degree, manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Three days after he was charged with robbery, the defendant argued with Patrick Eugene, the individual he believed was responsible for that crime, ordered Eugene to get down on his knees, and shot him in the head five times. He then pointed the gun at Tanisha Estrada, who had just witnessed Eugene's murder, and fired one shot into her head, killing her.

Contrary to the defendant's contention, the trial court properly denied that branch of his motion which was to suppress his written and videotaped statements. The defendant's representation by counsel on the robbery charge was not a bar to the waiver of his rights, in the absence of counsel, with regard to the new, unrelated charges (*see, People v Bing,* 76 NY2d 331). That the robbery may have provided a motive for the homicides does not alone make the two crimes related such that representation on the robbery precluded the defendant from effectively waiving his right to counsel regarding the new crimes (*see, e.g., People v Marin,* 215 AD2d 267; *People v Pepe,* 114 AD2d 383).

The court did not err in denying the defendant's request to charge the jury on the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]) in regard to the homicide of Estrada. Even when viewed in the light most favorable to the defendant (*People v Moye,* 66 NY2d 887), the evidence was insufficient to establish the elements of that defense. The shooting of Estrada, who had no connection with the robbery, had no "reasonable explanation or excuse" (*People v Moye, supra,* at 890), and was not "an understandable human response deserving of mercy" (*People v Casassa,* 49 NY2d 668, 680-681, *cert denied* 449 US 842).

The defendant's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.