■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SHAWN JACKSON, Appellant. [709 NYS2d 569] —Appeals by the
defendant from two judgments of the Supreme Court, Queens
County (Katz, J.), both rendered December 3, 1996, convicting
him of attempted robbery in the first degree, assault in the
second degree, and criminal possession of a weapon in the
fourth degree under Indictment No. 651/96, and robbery in the
first degree, criminal possession of a weapon in the fourth
degree, and criminal possession of stolen property in the fifth
degree under Indictment No. 666/96, upon a jury verdict, and
imposing sentences.

Ordered that the judgments are affirmed.

The defendant was arrested for one robbery and one at-
tempted robbery, both of taxicab drivers at knifepoint, which
occurred approximately two weeks apart. The trial court
properly joined the two indictments for trial as one charged,
inter alia, robbery in the first degree and the other charged,
inter alia, attempted robbery in the first degree, offenses that
are "defined by the same or similar statutory provisions and

consequently are the same or similar in law" (CPL 200.20 [2] [c]). In both cases, the defendant grabbed the driver from behind and held a knife to his throat, demanding money. The defendant contends the trial court erred in failing to give the jury an instruction that it should consider the evidence of each crime separately. This claim is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the defendant was positively identified by each of the complainants shortly after the respective incidents. Proof of each crime was presented separately and clearly, and was easily separable and discernible in the minds of the jurors (*see, People v Moses,* 169 AD2d 786, 787). Contrary to the defendant's contention, there was no "substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (CPL 200.20 [3] [a]; *see also, People v Young,* 167 AD2d 441; *People v Martin,* 141 AD2d 854).

The sentences imposed were not excessive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.