■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PAGE, Appellant. [732 NYS2d 419] —Appeals by the defendant from three judgments of the County Court, Orange County (Pano Z. Patsalos, J.), all rendered December 5, 1996, convicting him of (1) burglary in the first degree, sodomy in the first degree (two counts), attempted rape in the first degree, sexual abuse in the first degree, burglary in the second degree, robbery in the third degree, petit larceny, and attempted burglary in the second degree under Indictment No. 28/96, (2) burglary in the first degree, sodomy in the first degree, attempted sodomy in the first degree, sexual abuse in the first degree, robbery in the third degree, and grand larceny in the fourth degree under Indictment No. 135/96, and (3) burglary in the first degree, rape in the first degree, sexual abuse in the first degree, burglary in the second degree (two counts), criminal possession of stolen property in the fifth degree, and petit larceny (three counts) under Indictment No. 238/96, respectively, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after two hearings, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgments are affirmed.

Initially, we note that the crimes were "the same or similar in law" (CPL 200.20 [2] [c]) and were consequently properly joinable (*see, People v Jenkins,* 50 NY2d 981; *People v Martin,* 141 AD2d 854). The defendant argues that the trial court improvidently exercised its discretion in denying his severance application since the trial resulted in the jury considering together the evidence presented with respect to the five different crimes (*see, CPL 200.20 [3]*). There is no support for the defendant's assertion that he suffered actual prejudice as a result of the denial of the severance application. The defendant was identified as the perpetrator of four of the incidents by at least one victim of each crime (*see, People v Nelson,* 133 AD2d 470; *People v Martin, supra*), and the "[p]roof of each crime was separately presented, uncomplicated and easily segregable in the jury's mind" (*People v Mack,* 111 AD2d 186, 188; *see also, People v Martin, supra; People v Nelson, supra,* at 471). There was no substantial difference in the quantity of proof at trial for each of the crimes. In fact, the independent evidence of the defendant's guilt of each robbery and burglary was overwhelming (*see, People v Nelson, supra; People v Martin, supra*). Based on the remarkable similarity in the manner in which these crimes were committed, joinder was also appropriate under CPL 200.20 (2) (b) (*see, People v Lane,* 56 NY2d 1, 7).

The sentences imposed were not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur. [*See* — AD2d —, Mar. 18, 2002.]