■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PAGE, Appellant. [739 NYS2d 589] —Motion by the defendant for leave to reargue appeals from three judgments of the County Court, Orange County, all rendered December 5, 1996, which were determined by decision and order of this Court dated October 29, 2001 (287 AD2d 745).

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated October 29, 2001, is recalled and vacated, and the following decision and order is substituted therefor:

Appeals by the defendant from three judgments of the County Court, Orange County (Pano Z. Patsalos, J.), all rendered December 5, 1996, convicting him of (1) burglary in the first degree, sodomy in the first degree (two counts), attempted rape in the first degree, sexual abuse in the first degree, burglary in the second degree, robbery in the third degree, petit larceny, and attempted burglary in the second degree under Indictment No. 96-00028, (2) burglary in the first degree, sodomy in the first degree, attempted sodomy in the first degree, sexual abuse in the first degree, robbery in the third degree, and grand larceny in the fourth degree under Indictment No. 96-000135, and (3) burglary in the first degree, rape in the first degree, sexual abuse in the first degree, burglary in the second degree (two counts), criminal possession of stolen property in the fifth degree, and petit larceny (three counts) under Indictment No. 96-00238, respectively, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after two hearings, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the County Court providently exercised its discretion in joining the offenses into two groups for purposes of trial (*see,* CPL 200.20 [2] [c]; *People v Jenkins,* 50 NY2d 981; *People v Martin,* 141 AD2d 854). The evidence of each offense within the two groups, which was circumstantial and/or forensic in nature, was, inter alia, "separately presented, uncomplicated and easily segregable in the jury's mind" (*People v Mack,* 111 AD2d 186, 188; *see also,*

*People v Martin, supra; People v Nelson,* 133 AD2d 470). Moreover, there was not substantially more proof on one or more of the joined offenses than on others (*see, People v Mack, supra;* CPL 200.20 [3] [a]).

The sentences imposed were not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J.P., Santucci, Feuerstein and Adams, JJ., concur.