■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE STANZIONE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered December 2, 1985, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charge against the defendant arose from an incident where he removed a gun from a display case in a sporting goods store and hid it underneath a pile of shirts elsewhere in the store. The defendant was arrested before he could leave the store and the gun was found still hidden in the pile of shirts. At the trial, the People introduced evidence concerning an incident which had occurred three days prior to the crime. At that time, the defendant was seen reaching into a display case and was told to leave the store. Later that night, it was found that two guns were missing from the case where the defendant had been seen previously. After an investigation, the store manager had concluded that the guns were stolen. The trial court permitted the People to elicit this testimony and the defendant argues on appeal that this admission was in error. We disagree and affirm the judgment appealed from.

It is well established that evidence of prior uncharged crimes generally may not be offered to show a defendant's bad character or his propensity toward crime but may be admitted if the acts help establish some element of the crime under consideration or are otherwise relevant because of a recognized exception to the general rule *(see, People v Lewis,* 69 NY2d 321). Here, the evidence concerning the prior incident was relevant to establish the defendant's larcenous intent and to negate his contention that his actions were those of an innocent shopper. The trial court therefore did not abuse its discretion in admitting it *(cf., People v Short,* 110 AD2d 205, *lv denied* 67 NY2d 657).

The defendant also contends that the trial court erred in instructing the jurors that they could consider the lesser included offense of attempted grand larceny in the third degree only if they first found the defendant not guilty of the greater crime of grand larceny in the third degree. This argument is without merit *(see, People v Boettcher,* 69 NY2d 174). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.