■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GALLISHAW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sullivan, J.), rendered July 9, 1984, convicting him of burglary in the first degree (two counts), rape in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the fourth degree (two counts), burglary in the second degree, and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with burglarizing a woman's apartment and raping her. In the same indictment, the defendant was also charged with a series of burglaries and sexual abuse against another woman. The trial court denied the defendant's motion to sever the charges with respect to the second victim from those relating to the first victim.

We find that the charges were properly joined *(see,* CPL 200.20 [2] [b]). There were strong similarities in all of the incidents especially as to the physical description of the perpetrator, who had a particularly rank body odor, and as to the specific details of how the crimes were committed. The defendant's alleged conduct and the modus operandi were sufficiently unique to be probative and admissible on the issue of identity *(see, People v Beam,* 57 NY2d 241, 252-253; *People v Allweiss,* 48 NY2d 40, 48; *People v Molineux,* 168 NY 264, 313).

In addition, as the offenses were defined by the same or similar statutory provisions, the trial court could have joined the charges in the exercise of its discretion *(see,* CPL 200.20 [2] [c]; Penal Law § 140.30; *compare,* Penal Law §§ 130.35, 130.65; *see also, People v Mack,* 111 AD2d 186, 187-188, *lv denied* 66 NY2d 616).

The defendant was not deprived of a fair trial by the lack of a limiting instruction to the jury that evidence of the first incident could only be used for identification purposes with respect to the series of incidents involving the second woman. Only two witnesses testified as to the defendant's acts and the

issue was largely restricted to the issue of identity. The jury clearly considered the evidence separately because the defendant was acquitted of charges arising out of two of the incidents involving the second woman *(see, People v Grate,* 122 AD2d 853, 855, *lv denied* 68 NY2d 1000). Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.