■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGIL BOWMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.),

rendered July 27, 1987, convicting him of rape in the first degree (three counts), sodomy in the first degree (three counts), robbery in the first degree, robbery in the second degree (three counts), grand larceny in the third degree, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was charged in a single indictment with the commission of several sexual offenses and theft-related crimes against four different women on different dates. The trial court denied his motion to sever the offenses arising from the last of these episodes from the charges stemming from the three earlier incidents.

We discern no error in the denial of the defendant's severance motion (see, CPL 200.20 [2] [b]). All of the incidents bore strong similarities to each other, especially with regard to the physical description of the perpetrator and the specific details of the manner in which the offenses were committed. Hence, "[t]he defendant's alleged conduct and the modus operandi were sufficiently unique to be probative and admissible on the issue of identity (see, People v Beam, 57 NY2d 241, 252-253; People v Allweiss, 48 NY2d 40, 48; People v Molineux, 168 NY 264, 313)" (People v Gallishaw, 143 AD2d 198).

Furthermore, contrary to the defendant's contention, the trial court carefully instructed the jury to consider each count of the indictment separately and to render a separate verdict as to each (see, People v Clark, 129 AD2d 724; People v Mack, 111 AD2d 186).

The defendant's additional claim with respect to the trial court's charge is not preserved for appellate review (see, CPL 470.05 [2]).

The trial court did not err in denying, without a hearing, that branch of the defendant's omnibus motion which was to suppress a gold chain which was recovered from his person at the time of his arrest and which belonged to the fourth victim. The papers in support of the motion were conclusory in nature and contained no factual allegations indicating that the defendant was improperly arrested or searched (see, CPL 710.60 [1], [3] [b]; People v Stevens, 129 AD2d 749; People v Roberto H., 67 AD2d 549). Moreover, no issue of fact was

raised during oral argument of the motion, as both sides relied upon the memo book entries of the arresting officer which established that the defendant was arrested and searched only after the victim complained that he had raped her and had robbed her of a gold chain. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.