■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY LAWRENCE, Appellant.—Judgment of the Supreme Court, New York County (James Leff, J., at suppression hearing and jury trial), rendered April 5, 1983, convicting defendant of murder in the second degree, attempted robbery in the first degree and robbery in the second degree and sentencing him to concurrent indeterminate terms of 25 years to life on the murder count and 5 to 15 years on the attempted robbery count to run consecutively to 5 to 15 years on the robbery in the second degree count, unanimously affirmed.

Defendant has been convicted of two distinct crimes. The victim of the first robbery, for which defendant was convicted of robbery in the second degree, was James Twyman. Some three months later, Twyman observed defendant on the same floor in the same building in which he had previously been robbed by him, hovering over the body of a female (who died from stab wounds), holding her neck with one hand. Twyman,

who had known defendant from the area, subsequently identified him as the perpetrator of both crimes.

After defendant was arrested, a search warrant was executed at defendant's apartment. The affidavit in support of the search warrant specified that the search would target, *inter alia,* clothes worn by defendant on the day of the homicide. The warrant itself authorized a search for, *inter alia,* "a dark coat * * * a pair of black and white sneakers and a dark knit cap belonging to" defendant. Among the items recovered at defendant's residence were a pair of dungarees which appeared to have blood stains. Defendant claimed that he was a junkie who used needles and would occasionally shoot up with other junkies, which explained the blood drippings. Seriology evidence established that these blood stains were consistent with the blood of only .4% of the Black population of New York City, including the victim of the homicide, and were inconsistent with defendant's blood type. Evidence also was received that some of the blood stains had been deposited by smudging caused by direct contact with a bloody object, such as hands being wiped on the pants.

At trial, defendant presented various alibi witnesses.

Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), and with due deference to the jury's findings of fact *(People v Mosley,* 112 AD2d 812, *affd* 67 NY2d 985), defendant's guilt was proved beyond a reasonable doubt. With respect to the search warrant, while defendant's pants were not specified on the face of the warrant, it is clear from the other items specified and from the affidavit in support that the warrant countenanced seizure of defendant's clothes which had been worn on the day of the homicide. A warrant need not be read in a hypertechnical manner and should be accorded all reasonable inferences. *(People v Robinson,* 68 NY2d 541, 551-552.)

Finally, the charges were properly joined. Given the unusual nature of the identification in this case, we note that the proof of both sets of crimes was inextricably intertwined. Proof of the robbery against Twyman was material and admissible as evidence-in-chief upon the trial of the attempted robbery and homicide perpetrated against Nimmo, making joinder permissible under CPL 200.20 (2) (b). Additionally, we note the similarity of the statutory provisions of both robberies, which permits joinder under CPL 200.20 (2) (c). Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.