■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 23, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from the 1983 murder of Allison Issac. The evidence adduced at trial reveals that on the morning of the murder, the defendant's girlfriend and the victim became involved in an argument while inside a social club operated by the defendant and his girlfriend. Thereafter, the defendant called the victim over to a side room, and both men went inside. After hearing a gunshot, the defendant's girlfriend entered the side room, and saw the defendant holding a gun and facing the victim. The victim then said to her, "Miss Edna, Marion [the defendant] shot me". The defendant then exclaimed, "Nobody talk to my woman like this and get away with it".

Viewing the evidence of guilt in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Also without merit is the defendant's contention that the testimony of his girlfriend was unreliable and unworthy of belief. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5] ).

The defendant's contentions with respect to *Molineux* evidence are unpreserved for appellate review (CPL 470.05 [2] ), and, in any event, without merit *(People v Santarelli,* 49 NY2d 241; *People v Molineux,* 168 NY 264).

Finally, we find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.