■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP FORSTELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered March 16, 1989, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court should have dismissed a count of the indictment charging him with criminal possession of stolen property prior to trial since the evidence before the Grand Jury with respect to that count was allegedly insufficient. He argues that even though the foregoing count was ultimately dismissed after the completion of the People's case, the evidence which had been admitted with respect thereto allegedly influenced the jury to unfairly convict him of an unrelated robbery count contained in the same indictment. We disagree.

We note that the defendant failed to preserve the foregoing contention for appellate review, since he neither registered a

timely objection nor sought any type of remedial action from the court in order to minimize the alleged prejudice of which he now complains (see, CPL 470.05 [2]). In any event, a review of the trial transcript reveals that the defendant's contentions of reversible error are without merit. In light of the overwhelming evidence that the defendant had stolen the property on which the robbery count was based, defense counsel adopted a trial strategy of conceding the defendant's guilt of the underlying theft and challenged the People's proof only in connection with the "forcible taking" element of the robbery charge. Since the defendant conceded the commission of the underlying larceny, his present assertion that the jury was unduly influenced by, or convicted him solely upon the strength of, the evidence relating to the previously dismissed criminal possession count, is lacking in merit. Similarly without merit is the defendant's speculative assertion that, upon having heard evidence in connection with the dismissed count, the jury would have concluded that he "was worthy of punishment regardless of his guilt or innocence of" the robbery charge.

Finally, we reject the defendant's contentions of prosecutorial misconduct. Contrary to the defendant's contentions, the prosecutor's summation remarks constituted fair comment in light of the statements made by defense counsel in his summation, which "open[ed] the door" (People v Garcia, 160 AD2d 258, 259) to the prosecutor's response (see, People v Wood, 66 NY2d 374, 380; People v Rahming, 26 NY2d 411, 418; People v Bartolomeo, 126 AD2d 375, 390; People v Saylor, 115 AD2d 671; see also, People v Galloway, 54 NY2d 396; People v Haile M., 160 AD2d 1027, 1028; People v Torres, 160 AD2d 285, 286; People v Gonzalez, 156 AD2d 711, 712). In any event, the prosecutor's remarks did not deprive the defendant of a fair trial. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.