bag which they picked up, opened and discovered numerous capsules of cocaine. At this point, one of the officers ran to catch up with the defendant and placed him under arrest.

Upon these facts, we find that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the bag and its contents. The hearing court correctly determined that the bag and its contents had been abandoned by the defendant when he discarded the bag and walked away *(see, People v Thomas,* 161 AD2d 1167; *People v Kosciusko,* 149 AD2d 620; *People v Chestnut,* 91 AD2d 981). Contrary to the defendant's contention, the discarding of the bag was not in response to any unlawful police conduct since he discarded it before the officers even approached him *(see, People v Wade,* 137 AD2d 638; *People v Williams,* 123 AD2d 652). Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.

■ The People of the State of New York, Respondent, v William Moore, Also Known as Tyrone Moore, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered October 31, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with two counts of robbery in the first degree arising out of separate incidents involving different victims. The first robbery charge was dismissed during trial when the evidence revealed that the indictment had inaccurately set forth the date on which the crime allegedly took place. Although the court dismissed the first robbery charge, it ruled that due to the similar *modus operandi* allegedly employed by the defendant in committing the two robberies, the jury could consider the evidence adduced with respect to the dismissed charge in connection with its deliberations on the remaining count. The court promptly instructed the jury, however, that it could consider this evidence only as to the issue of the defendant's identity in connection with the second incident. Significantly, the court repeated this instruction during its charge to the jury. On appeal, the defendant contends that the court's failure to strike the testimony relating to the dismissed count deprived him of a fair trial. We disagree.

We note initially, that by failing to register an objection to admission of the evidence relating to the dismissed count, the defendant has failed to preserve his present assertions of error

for appellate review (see, CPL 470.05 [2]; *People v Forstell,* 172 AD2d 621; *see also, People v Washington,* 169 AD2d 795; *People v Bolling,* 157 AD2d 733). In any event, the evidence was properly admitted since it was probative of the defendant's identity as the perpetrator of the remaining robbery count, a disputed issue in the case (see, *People v Molineux,* 168 NY 264, 313; *see also, People v Carter,* 77 NY2d 95, 100, cert denied — US —, 111 S Ct 1599; *People v Beam,* 57 NY2d 241, 251). Moreover, and contrary to the defendant's contentions, both of the crimes involved were committed in a strikingly similar and unusual fashion. Specifically, the record reveals that within a four month span, the defendant entered two different women's clothing stores on the same street dressed as a woman, and stole property after either he or an accomplice displayed a knife to the salesperson who was present. The foregoing demonstrates that the defendant's *modus operandi* was sufficiently unique to be probative and admissible on the issue of identity (see, *People v Beam, supra,* at 252-253; *People v Allweiss,* 48 NY2d 40, 48; *People v Molineux, supra,* at 313; *People v Bowman,* 155 AD2d 606).

Finally, the defendant's sentence was neither harsh nor excessive under the circumstances (see, *People v Suitte,* 90 AD2d 80). Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.