■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UNDERSTANDING ALLAH, Appellant. [631 NYS2d 877] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered May 6, 1993, convicting him of burglary in the third degree, criminal mischief in the third degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court's *Molineux* ruling, which authorized the introduction of three prior convictions in the event that he testified and denied his criminal intent, was error. This claim is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Webb,* 203 AD2d 606; *People v Washington,* 169 AD2d 795).

In any event, this contention is without merit. It is well established that evidence of uncharged crimes is inadmissible where it is offered solely to raise an inference that a defendant has a criminal propensity *(see, People v Ingram,* 71 NY2d 474, 479; *People v Alvino,* 71 NY2d 233, 241). Such evidence, however, may be received if it helps to establish some element of the crime under consideration *(see, People v Alvino, supra,* at 241; *People v Allweiss,* 48 NY2d 40, 46-47), and where its probative value outweighs the potential for prejudice resulting to the defendant *(see, People v Alvino, supra,* at 241-242). Evidence of prior criminal acts may be admitted to prove intent when the evidence falls short of demonstrating that the defendant acted with a particular state of mind, and where proof of a prior act is relevant to that issue *(see, People v Ingram, supra; People v Alvino, supra,* at 242; *People v Figueroa,* 195 AD2d 477, 478). In the case at bar, the evidence concerning the defendant's prior convictions would have been relevant to establish his larcenous intent if he had taken the stand and denied his criminal intent. Therefore, the trial court's ruling was proper *(see, People v Stanzione,* 131 AD2d 895). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.