■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL L. DALLAS, Appellant. [641 NYS2d 572] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered September 1, 1995, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Miller, J. P., Joy, Hart and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHONNE DANIELS, Appellant. [641 NYS2d 572] —Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered March 12, 1993, convicting him of robbery in the first degree, grand larceny in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the charges relating to his possession of controlled substances should have been tried separately from the charges relating to robbery and grand larceny. The evidence presented, including the defendant's admission at trial, demonstrate that his acts constituted a single criminal endeavor with the same purpose, and were closely related and connected in time and circumstance of commission. Thus, these charges were properly tried together (*see,* CPL 40.10, 200.20; *People v Johnson,* 48 NY2d 925; *People v Gallishaw,* 143 AD2d 198; *People v Lawrence,* 166 AD2d 164).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.