■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v McKINLEY L. WEST, Appellant. [772 NYS2d 166]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered January 17, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, attempted robbery in the first degree, and attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]), attempted robbery in the first degree (§§ 110.00, 160.15 [4]), and attempted robbery in the second degree (§§ 110.00, 160.10 [1]). The conviction arose out of a mugging by defendant and an unidentified accomplice of two young victims, one of whom surrendered money to the culprits. Defendant was sentenced as a second felony offender to determinate terms of incarceration, some concurrent and some consecutive, aggregating 30 years, plus five years of postrelease supervision.

We reject the contention that defendant was deprived of a fair trial by prosecutorial misconduct on summation. Contrary to defendant's contention, the prosecutor did not impermissibly vouch for the credibility of his witnesses; rather, the comments in question were a fair response to the summation of defense counsel, who had attacked the credibility of those witnesses (see People v Halm, 81 NY2d 819, 821 [1993]; People v Williams, 281 AD2d 933, 934 [2001], lv denied 96 NY2d 869 [2001]). Nor did the prosecutor improperly shift the burden of proof to defendant by commenting on the lack of proof substantiating the testimony of defendant's alibi witnesses. Those remarks constituted fair comment on the capacity of the alibi witnesses to recall the events of the date and time in question (see People v Hughes, 148 AD2d 1002 [1989], lv denied 74 NY2d 741, 848 [1989]; see generally People v Castro, 281 AD2d 935, 936 [2001], lv denied 96 NY2d 860 [2001]). We have considered defendant's remaining claims of prosecutorial misconduct on summation and conclude that they are without merit.

Reversal is not required as a result of the prosecutor's failure to instruct the grand jurors on the alibi defense. Defendant did

not seek dismissal of the indictment on that ground (*see* CPL 210.35 [5]; *see also* 190.25 [6]; 210.20 [1]), and thus defendant has failed to preserve that challenge for our review (*see People v Workman,* 277 AD2d 1029, 1031 [2000], *lv denied* 96 NY2d 764 [2001]; *People v Volious,* 244 AD2d 871, 872 [1997], *lv denied* 93 NY2d 1029 [1999]). Nor is reversal required as a result of a seated juror's failure to disclose brief periods of employment in law enforcement. Under all of the circumstances of this case, we cannot conclude that "there occurred, out of the presence of [County Court], improper conduct by a juror . . . which may have affected a substantial right of the defendant" (CPL 330.30 [2]; *see People v Rodriguez,* 100 NY2d 30, 34-35 [2003]). The Court of Appeals has "never held that a juror's concealment of any information during voir dire is by itself cause for automatic reversal" (*Rodriguez,* 100 NY2d at 34; *see People v Brown,* 48 NY2d 388, 394 [1979]). Rather, " 'each case . . . [must] be examined on its unique facts to determine the nature of the misconduct and the likelihood that prejudice was engendered' " (*Rodriguez,* 100 NY2d at 35, quoting *People v Clark,* 81 NY2d 913, 914 [1993]). Here, the juror revealed the most significant aspects of his law-enforcement background and, upon inquiry by the court, gave unequivocal assurances that such background would not prevent him from fairly evaluating the testimony of police witnesses. In light of those disclosures and assurances, the juror's failure to disclose other brief stints of law-enforcement employment did not result in prejudice to a "substantial right" of defendant (*id.*).

Inasmuch as the conduct here did not constitute "two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other," the court did not err in sentencing defendant to consecutive terms of incarceration (Penal Law § 70.25 [2]). We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.