(March 9, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON COLES, Also Known as DEVON JOHNSON, Appellant. [810 NYS2d 262]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 25, 2002, upon a verdict convicting defendant of the crime of murder in the second degree.

In the early morning hours of July 22, 2000, Thomas Nimmons was fatally stabbed as he and his girlfriend left a bar following a brief, verbal exchange over the girlfriend's near spilling of a drink on another patron. Following a jury trial, defendant was found guilty of murder in the second degree and sentenced to a prison term of 25 years to life. He now appeals and since none of the three arguments he raises has merit, we affirm.

After the trial but before sentencing, it was discovered that a juror failed to disclose during jury selection that she worked as an evening custodian in the Albany County Courthouse. Trial counsel moved to set aside the verdict pursuant to CPL 330.30, alleging, as relevant on appeal, that he would not have selected her to sit as a juror had he known of this employment. At a hearing that ensued on the motion, the juror testified that she could not recall whether she disclosed this particular employment during voir dire and denied intentionally concealing such information. According to the juror, her nighttime custodial position was one of two jobs that she held at the time of jury selection and she considered her daytime custodial position to be her "main employment."

The juror further testified that she only briefly saw members of the District Attorney's office during her work at the courthouse, that she did not know any of its members personally, that she never had any kind of verbal exchange with the Special Prosecutor in this case (herself a former Assistant District Attorney in Albany County) and that she had no relationship with any judge in the courthouse. Moreover, the juror testified that she had no bias or predisposition toward either the People or the defense and that her verdict was based solely on the evidence adduced at trial. Finding the juror's testimony to be "forthcoming" and "candid," County Court denied the motion.

In our view, County Court did not abuse its discretion in concluding that there was no basis to order a new trial under these circumstances (*see People v Rodriguez*, 100 NY2d 30, 35 [2003]). The record establishes that no substantial right of defendant was prejudiced by the juror's failure to disclose her employment at the courthouse (*see id.* at 34-36; *see also People v West*, 4 AD3d 791, 793 [2004]), particularly given her testimony that she harbored no bias or predisposition toward either party and that she based her verdict solely on the trial evidence.

Next, citing a single purported error on the part of his two trial attorneys, namely, their unsuccessful attempts to admit out-of-court hearsay statements of a particular witness into evidence,* defendant claims that he received ineffective assistance of counsel. In reviewing an ineffective assistance of counsel claim, we "must avoid confusing 'true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis' " (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Baldi*, 54 NY2d 137, 146 [1981]). Here, the strategy behind trial counsels' attempt, albeit unsuccessful, to admit these statements was manifest, i.e., to demonstrate that defendant was not responsible for Nimmons' death (*see* n 1, *supra*). This unsuccessful trial tactic hardly rendered trial counsel ineffective. To the contrary, our review of the entire proceedings before County Court more than amply satisfies us that defendant received meaningful representation from his two trial attorneys (*see People v Baldi, supra* at 147).

Noting the callous and utterly senseless nature of Nimmons' death, as well as defendant's criminal history, we find neither an abuse of discretion nor the existence of extraordinary circumstances which would warrant a reduction of defendant's sentence in the interest of justice (*see e.g. People v Martin*, 8 AD3d 883, 888 [2004], *lv denied* 3 NY3d 677 [2004]; *People v Clarke*, 5 AD3d 807, 810 [2004], *lv denied* 2 NY3d 797 [2004]; *People v Johnson*, 277 AD2d 702, 708 [2000], *lv denied* 96 NY2d 831 [2001]).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* This witness gave a statement to police indicating that other people also hit Nimmons outside the bar that morning. He then testified before the grand jury and apparently contradicted himself on many points. Although the People intended to call him as a witness at trial, he could not be located. Trial counsel thus attempted, to no avail, to get certain portions of his prior statements into evidence during the cross-examinations of two police detectives.