People v Weather (2020 NY Slip Op 02421)





People v Weather


2020 NY Slip Op 02421


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


383 KA 17-01786

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEONARD WEATHER, DEFENDANT-APPELLANT.






DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Matthew J. Doran, A.J.), rendered June 16, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient to support the conviction. At a joint trial, the People presented evidence that the two codefendants broke into the residence of the victim, stole cash and two cell phones, and physically assaulted the victim. The victim testified that, during the assault, the first codefendant told the second codefendant, "tell [defendant] to get the gun." The victim further testified that defendant arrived soon after carrying a revolver, which he handed to the first codefendant, who then shot the victim in his buttock. A witness for the defense testified that the victim showed him a gun immediately prior to the incident and, although the witness was not present for the altercation, the victim told the witness afterward that he had shot himself. "Confronted with the conflicting testimony of [the victim and the witness], the jury could rationally conclude—as this jury evidently did—that the victim's recollection was credible and accurate" (People v Delamota, 18 NY3d 107, 116 [2011]), and we therefore conclude that there is sufficient evidence to support the jury's inference that defendant possessed a loaded firearm. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that County Court should have severed his trial from that of the codefendants is not preserved for our review because defendant did not move for a severance (see People v Evans, 142 AD3d 1291, 1292 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]; see generally CPL 470.05 [2]). In any event, the charges against defendant and the codefendants were properly joined inasmuch as they were based upon a common scheme or plan (see CPL 200.40 [1] [b]; People v Wright, 166 AD3d 1022, 1023-1024 [2d Dept 2018], lv denied 32 NY3d 1211 [2019]). Moreover, the evidence against defendant and the codefendants was "supplied by the same eyewitness . . . , and . . . defendant's defense was by no means antagonistic' to that of the codefendant[s]" (Wright, 166 AD3d at 1024, citing People v Mahboubian, 74 NY2d 174, 186 [1989]).
We further conclude that defendant has not established that he was denied effective assistance of counsel (see generally People v Benevento, 91 NY2d 708, 712-713 [1998]). Inasmuch as the charges against defendant and the codefendants were properly joined, "[a]ny motion to sever . . . the indictment would have had little or no chance of success, and thus [*2]counsel's failure to make such a . . . motion . . . does not indicate ineffectiveness of counsel" (People v Lukens, 107 AD3d 1406, 1409 [4th Dept 2013], lv denied 22 NY3d 957 [2013] [internal quotation marks omitted]; see People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]), and defendant has not shown the absence of strategic or other legitimate explanations for defense counsel's failure to move for a discretionary severance (see People v McGee, 20 NY3d 513, 520-521 [2013]). Defendant's contention that the court failed to give a proper limiting instruction to the jury is also unpreserved for appellate review (see CPL 470.05 [2]; People v Autry, 75 NY2d 836, 838-839 [1990]) and, in any event, is without merit. Finally, the sentence is not unduly harsh or severe.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court