People v Spencer (2020 NY Slip Op 04065)





People v Spencer


2020 NY Slip Op 04065


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


640 KA 18-01266

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVANTE SPENCER, DEFENDANT-APPELLANT. 






NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, SPECIAL PROSECUTOR, ROCHESTER (WENDY LEHMANN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered December 20, 2017. The judgment convicted defendant upon a jury verdict of gang assault in the first degree, assault in the first degree and promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of gang assault in the first degree (Penal Law
§ 120.07), assault in the first degree (§ 120.10 [1]), and promoting prison contraband in the first degree (§ 205.25 [2]). Although defendant was offered the opportunity to plead guilty to one count of assault in the second degree in exchange for a determinate term of seven years' incarceration to run concurrently to the much longer sentence that he was already serving, defendant rejected that offer. After trial, defendant was sentenced to a combination of consecutive and concurrent sentences that aggregated to 23 to 26 years of incarceration, to run consecutively to any undischarged term of incarceration.
Defendant contends that the jury instruction on accessorial liability given by County Court failed to convey that it applied to the count of assault in the first degree instead of the count of promoting prison contraband in the first degree. By failing to object to the "jury charge as given," however, defendant failed to preserve his contention for our review (People v Clark, 142 AD3d 1339, 1340 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]; see People v Keegan, 133 AD3d 1313, 1315 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]; see generally CPL 470.05 [2]). In any event, we conclude that "the charge as a whole adequately conveyed to the jury the appropriate standards" (People v Adams, 69 NY2d 805, 806 [1987]) and did not otherwise change the prosecutor's theory of the case (see generally People v Rivera, 84 NY2d 766, 769 [1995]; People v Duncan, 46 NY2d 74, 79-80 [1978]).
We reject defendant's further contention that the court erred in refusing his request for a substitution of assigned counsel. The court fulfilled its duty to inquire into those complaints about defense counsel that were supported by sufficiently specific factual allegations and were of sufficient seriousness (see generally People v Porto, 16 NY3d 93, 99-100 [2010]; People v Medina, 44 NY2d 199, 207 [1978]) and did not abuse its discretion in determining that defendant had not established "good cause for substitution" (People v Sides, 75 NY2d 822, 824 [1990]). Defendant's remaining complaints consisted of vague and conclusory allegations of conflicts and disagreements with defense counsel that were "not sufficiently specific to require a minimal inquiry by the court, and certainly did not warrant a grant of his [request]" (Porto, 16 NY3d at 101).
Defendant next contends that his attorney was ineffective in failing to, among other [*2]things, adequately communicate with him about the People's plea offer. That contention involves "discussions between defendant and his attorney outside the record on appeal, and it must therefore be raised by way of a motion pursuant to CPL 440.10" (People v Manning, 151 AD3d 1936, 1938 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; see People v Dale, 142 AD3d 1287, 1290 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]; People v Stachnik, 101 AD3d 1590, 1591 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]). Although defendant has a variety of other complaints about defense counsel's performance at trial, viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court