People v Gillie (2020 NY Slip Op 04275)





People v Gillie


2020 NY Slip Op 04275


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


701 KA 18-01102

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTIAN GILLIE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered March 26, 2018. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree, murder in the second degree and burglary in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences of imprisonment imposed for manslaughter in the first degree under count one of the indictment and for burglary in the first degree under counts three and four of the indictment to determinate terms of 15 years and by reducing the sentence imposed for murder in the second degree under count two of the indictment to an indeterminate term of incarceration of 15 years to life and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law
§ 125.20 [2]), murder in the second degree (§ 125.25 [3]), and two counts of burglary in the first degree (§ 140.30 [2], [3]). Defendant was initially indicted on two counts of murder in the second degree, specifically intentional murder (§ 125.25 [1] [count one]) and felony murder (§ 125.25 [3] [count two]), in addition to the two burglary counts. At trial, the jury found that defendant met his burden on his affirmative defense with respect to the intentional murder count by establishing that, although intentional, his killing of the victim occurred "under circumstances which [did] not constitute murder because he act[ed] under the influence of extreme emotional disturbance" that warranted "reducing murder to manslaughter in the first degree" (§ 125.20 [2]; see § 125.25 [1] [a] [i]).
Defendant contends that the verdict is against the weight of the evidence because the jury erred in rejecting the affirmative defense of lack of criminal responsibility by reason of mental disease or defect (Penal Law § 40.15). Initially, we agree with defendant that a different verdict would not have been unreasonable inasmuch as the defense expert opined that defendant lacked a substantial capacity to appreciate the nature and consequences of his conduct at the time of incident (see People v Hernandez-Beltre, 157 AD3d 814, 816 [2d Dept 2018], lv denied 31 NY3d 1083 [2018]; see generally People v Danielson, 9 NY3d 342, 348 [2007]). Nevertheless, viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), including the charge on the defense of lack of criminal responsibility by reason of mental disease or defect, we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In contrast to the defense expert, the People's expert opined that, although defendant was acting under an extreme emotional disturbance as a result of delusions, defendant nonetheless maintained sufficient continuity of thought throughout the incident and that his actions demonstrated a substantial capacity to appreciate wrongfulness (see
§ 40.15). "When there is conflicting expert evidence on the issue of criminal responsibility, the [*2]jury is generally free to accept or reject, in whole or in part, the opinion of any expert, at least in the absence of a serious flaw in the expert's testimony" (People v Smith, 217 AD2d 221, 234-235 [4th Dept 1995], lv denied 87 NY2d 977 [1996] [internal quotation marks omitted]; see People v Stoffel, 17 AD3d 992, 993 [4th Dept 2005], lv denied 5 NY3d 795 [2005]). We reject defendant's contention that the testimony of the People's expert was infected by a serious flaw (see generally People v Fitzrandolph, 162 AD3d 1537, 1538 [4th Dept 2018], lv denied 32 NY3d 1111 [2018], reconsideration denied 32 NY3d 1111 [2018]; Smith, 217 AD2d at 234-235).
Defendant contends that the verdict is inconsistent insofar as he was found guilty of both manslaughter in the first degree and felony murder in the second degree. Specifically, defendant asserts that the jury's finding with respect to count one that he intentionally killed the victim negates the jury's determination with respect to count two that defendant committed felony murder as defined by Penal Law
§ 125.25 (3), which, according to defendant, was intended to address only accidental or inadvertent killings committed during the course of other enumerated violent felonies (see generally CPL 300.30 [5]). His contention is unpreserved for our review inasmuch as defendant failed to object on that specific ground before the jurors were discharged (see People v Strauss, 147 AD3d 1426, 1426 [4th Dept 2017], lv denied 29 NY3d 1087 [2017], reconsideration denied 30 NY3d 953 [2017]). In any event, that contention is without merit inasmuch as we have previously rejected a similar argument that a defendant " may not be convicted of felony murder when burglary is the predicate felony and his . . . intent at the time of the entry [was] to commit murder' " (People v Steen, 107 AD3d 1608, 1609 [4th Dept 2013], lv denied 22 NY3d 959 [2013]). Defendant's further contention that there is legally insufficient evidence to support his felony murder conviction is unpreserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we reject that contention, as well as defendant's additional contention that the verdict on the felony murder count is against the weight of the evidence, because those contentions are based on the erroneous argument that the verdict with respect to the manslaughter in the first degree and felony murder counts is inconsistent.
Defendant next contends that he was denied his right to a fair trial due to prosecutorial misconduct during cross-examination of the defense expert, direct examination of the People's expert, and summation. To the extent that defendant's contention is unpreserved, we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). We nonetheless conclude that his contention lacks merit. The prosecutor's questions during cross-examination and direct examination were permissible inasmuch as they related to an issue raised by defense counsel on direct examination (see People v Denison, 300 AD2d 1060, 1061 [4th Dept 2002]) and to the "competency or credibility or the validity of [the expert witness's] diagnosis or opinion" (CPL 60.55 [1]). Further, the prosecutor's comments during summation "were either a fair response to defense counsel's summation or fair comment on the evidence" (People v Anderson, 52 AD3d 1320, 1321 [4th Dept 2008], lv denied 11 NY3d 733 [2008]).
Defendant correctly concedes that his contention that the indictment was multiplicitous because it charged two counts of burglary in the first degree based on the same conduct is not preserved for our review "inasmuch as [he] failed to challenge the indictment on that ground" (People v Fulton, 133 AD3d 1194, 1194 [4th Dept 2015], lv denied 26 NY3d 1109 [2016], reconsideration denied 27 NY3d 997 [2016]; see CPL 470.05 [2]). In any event, that contention is without merit because "each count requires proof of an additional fact that the other does not" (Fulton, 133 AD3d at 1195 [internal quotation marks omitted]).
We agree with defendant, however, that the aggregate sentence of incarceration of 25 years to life is unduly harsh and severe under the circumstances of this case. This Court "has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range," and may exercise that power, "if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]). Defendant was 20 years old at the time of the offense. His criminal history consisted of only three incidents within the year leading up to the killing, all of which stemmed from the onset of defendant's documented schizophrenia and all charges were dismissed as a result of defendant's incapacity due to mental disease or defect. Here, at trial, both experts testified that, at the time of the killing, defendant was experiencing delusions. Indeed, the People's own expert expressly recognized that defendant had a diminished capacity to understand the wrongfulness of his [*3]actions at the time and that "the action was a product of his symptoms of mental illness." We conclude that a reduction of the sentences of imprisonment imposed is appropriate under the circumstances here. Thus, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentences of imprisonment imposed for manslaughter in the first degree under count one of the indictment and for burglary in the first degree under counts three and four of the indictment to determinate terms of 15 years, to be followed by the five years of postrelease supervision imposed by the court, and by reducing the sentence imposed for murder in the second degree under count two of the indictment to an indeterminate term of incarceration of 15 years to life.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court