People v Blunt (2020 NY Slip Op 05639)





People v Blunt


2020 NY Slip Op 05639


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


609.3 KA 15-02178

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY BLUNT, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered September 16, 2014. The appeal was held by this Court by order entered July 31, 2019, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (174 AD3d 1504 [4th Dept 2019]). The proceedings were held and completed (John L. DeMarco, J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and conspiracy in the second degree (§ 105.15). When this appeal was previously before us, we held that County Court (Argento, J.) erred in summarily denying defendant's motion to set aside the verdict pursuant to CPL 330.30 (2) (People v Blunt, 174 AD3d 1504, 1506 [4th Dept 2019]). "The sworn allegations in support of defendant's motion, including those in the affidavit of his mother, indicated that a juror may have had an undisclosed, potentially strained relationship with the mother resulting from attending high school and working together, possibly knew about defendant's criminal history, and purportedly attempted to speak with the mother's husband during a lunch break at trial, and that the alleged misconduct was 'not known to . . . defendant prior to the rendition of the verdict' " (id., quoting CPL 330.30 [2]). We concluded that "the allegations required a hearing on the issue whether the juror's alleged misconduct prejudiced a substantial right of defendant" (id. [internal quotation marks omitted]). Upon remittal, the court (DeMarco, J.) conducted a hearing and thereafter denied the motion.
CPL 330.30 (2) provides that a verdict may be set aside on the ground "[t]hat during the trial there occurred, out of the presence of the court, improper conduct by a juror, . . . which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict." Upon a hearing pursuant to CPL 330.30, "the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion" (CPL 330.40 [2] [g]). When determining a motion to set aside a jury verdict based upon juror misconduct, "the facts must be examined to determine . . . the likelihood that prejudice would be engendered" (People v Brown, 48 NY2d 388, 394 [1979]; see People v Neulander, 34 NY3d 110, 113 [2019]; People v Maragh, 94 NY2d 569, 573-574 [2000]). "The trial court is invested with discretion and posttrial fact-finding powers to ascertain and determine whether the activity . . . constituted misconduct and whether the verdict should be set aside and a new trial ordered" (Maragh, 94 NY2d at 574).
We reject defendant's contention that the court abused its discretion in denying his motion to set aside the verdict on the ground of juror misconduct. Here, upon our review of the record, we conclude that " '[t]here is no basis to disturb the court's fact-findings and credibility determinations, which are entitled to great deference on appeal' " (People v Dizak, 93 AD3d 1182, 1185 [4th Dept 2012], lv denied 19 NY3d 972 [2012], reconsideration denied 20 NY3d [*2]932 [2012]). As the court properly concluded, the evidence adduced at the hearing established that the juror and the mother had nothing more than a superficial relationship—which arose from knowing each other during childhood and thereafter having minimal, sporadic personal and professional contact over the course of several decades—such that they recognized each other enough to occasionally engage in brief conversation during public encounters. There was no evidence of a history of enmity between the juror and the mother, and we defer to the court's assessment that the demeanor of the juror and the mother when they each testified did not suggest the existence of any past or present acrimony. We note that both the mother and her husband were present in the courtroom during the trial, but the interaction between the juror and the mother's husband during a recess amounted to nothing more than a mutual exchange of greetings in passing. We also agree with the court that defendant failed to establish that the juror engaged in misconduct by deliberately concealing her relationship with the mother (see People v Hernandez, 107 AD3d 504, 504 [1st Dept 2013], lv denied 22 NY3d 1199 [2014]; cf. People v Rodriguez, 100 NY2d 30, 33 [2003]). Instead, the juror's failure to disclose the relationship, and her testimony at the hearing in that regard, appeared to be the byproduct of her minimal contacts with the mother combined with the courtroom setting, thus evincing inadvertence rather than an attempt to deceive the court or conceal the relationship (see Hernandez, 107 AD3d at 504; People v Adams, 278 AD2d 920, 921 [4th Dept 2000], lv denied 96 NY2d 825 [2001]; cf. Neulander, 34 NY3d at 113-115).
We further agree with the court that, even assuming, arguendo, that the juror engaged in improper conduct by intentionally concealing the subject relationship, defendant failed to establish that such misconduct "may have affected a substantial right" (CPL 330.30 [2]; see Rodriguez, 100 NY2d at 34; People v West, 4 AD3d 791, 793 [4th Dept 2004]; Adams, 278 AD2d at 921). In particular, nothing in the record suggests that the juror harbored any bias against the mother that may have been imputed to defendant inasmuch as the evidence at the hearing did not even establish that the juror was aware that defendant was related to the mother (see People v Coles, 27 AD3d 830, 831-832 [3d Dept 2006], lv denied 7 NY3d 757 [2006]). Moreover, there is no evidence to support defendant's speculative assertion that the juror likely obtained unfavorable information about him while working for the same employer as the mother or while occasionally attending gatherings that included members of defendant's family (see Hernandez, 107 AD3d at 504).
Finally, contrary to defendant's remaining contention, we conclude that the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court