People v Burns (2020 NY Slip Op 06977)





People v Burns


2020 NY Slip Op 06977


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

108856

[*1]The People of the State of New York, Respondent,
v
Thomas Burns, Also Known as True, Thomas Truelane and Thomas Chavis, Appellant.

Calendar Date: October 16, 2020

Before: Lynch, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Noreen McCarthy, Keene Valley, for appellant, and appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered May 2, 2016 in Schenectady County, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts), assault in the first degree, criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree and criminal possession of a weapon in the third degree.
Defendant was charged by indictment with attempted murder in the second degree, assault in the first degree, two counts of criminal possession of a weapon in the second degree, reckless endangerment in the first degree, assault in the second degree, aggravated cruelty to animals and criminal possession of a weapon in the third degree. Prior to trial, the count charging aggravated cruelty to animals was dismissed. The remaining charges stemmed from two different altercations involving two different victims. First, in December 2013, defendant struck victim A in the face causing him to break his jaw. Subsequently, in April 2014, defendant was identified as the perpetrator in the shooting of victim B, which resulted in victim B becoming paralyzed. Following a jury trial, defendant was acquitted of the top count of attempted murder in the second degree and convicted, instead, of the lesser included offense of assault in the second degree. Defendant was otherwise convicted as charged and sentenced to consecutive prison terms of 20 years and seven years for his convictions of assault in the first degree and one count of assault in the second degree, respectively, and to lesser concurrent prison terms on the remaining convictions, with periods of postrelease supervision. Defendant appeals.
Defendant's primary contentions on appeal are that he was deprived of a fair trial due to ineffective assistance of counsel and prosecutorial misconduct. Turning first to his ineffective assistance of counsel claim, to establish such a claim, "a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Porter, 184 AD3d 1014, 1018 [2020] [internal quotation marks and citations omitted, lv denied 35 NY3d 1069 [2020]]; accord People v Santana, 179 AD3d 1299, 1302 [2020], lv denied 35 NY3d 973 [2020]). "This standard is not amenable to precise demarcation and necessarily hinges upon the facts and circumstances of each particular case. A reviewing court must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis. In short, the Constitution guarantees a defendant a fair trial, not a perfect one" (People v Sostre, 172 AD3d 1623, 1627 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 938 [2019]; see People v De Marco, 33 AD3d 1045, 1046 [2006]).
Defendant specifically contends that counsel was ineffective for failing to move to sever count 6 of the indictment, which charged assault in the second degree relating to victim A, because there was no statutory basis to join this charge with the other counts of the indictment, all of which related to the shooting of victim B. However, these offenses were properly joined as they "[are] defined by the same or similar statutory provisions" (CPL 200.20 [2] [c]; see People v Cox, 129 AD3d 1210, 1214 [2015], lv denied 26 NY3d 966 [2015]; People v Ai Jiang, 62 AD3d 515, 515 [2009], lv denied 14 NY3d 769 [2010]), and defendant has failed to establish that a motion for severance would have been granted or that he suffered any prejudice from the lack of severance (see People v Cox, 129 AD3d at 1214). To that end, defendant does not allege "that he had a strong need to refrain from testifying concerning the charges arising from one incident, and important testimony to present concerning the second incident" (People v Hall, 169 AD2d 778, 779 [1991]; see People v Burnett, 228 AD2d 788, 790 [1996]). Additionally, "[t]he proof of each crime was separately presented, uncomplicated, and easily segregable in the jury's mind" [*2](People v Hall, 169 AD2d at 779), both victims identified defendant as the perpetrator (see People v McNeil, 165 AD2d 882, 883 [1990], lv denied 76 NY2d 988 [1990]) and, despite defendant's contention to the contrary, both incidents were supported by a substantial "quantum of proof" at trial (People v Burnett, 228 AD2d at 790). Moreover, even if such motion could have been successful, we cannot conclude on this record that there was no strategic basis for counsel's decision not to make said motion, especially given that defendant had the benefit of two separate attorneys, both of whom had the opportunity to make pretrial motions and did not move for severance (see People v McGee, 20 NY3d 513, 520 [2013]; People v Weather, 182 AD3d 1043, 1044 [2020]).
Defendant's allegation that his counsel was ineffective for failing to request lesser included offense charges for count 1 (attempted murder in the second degree) and count 2 (assault in the first degree) is belied by the record as these charges were requested. Nor are we persuaded that counsel's decision to obtain an expert witness, whom Supreme Court ultimately deemed unqualified to testify on a specific issue, was anything other than a trial tactic that proved to be unsuccessful and does not, in and of itself, constitute ineffective assistance of counsel (see People v Baldi, 54 NY2d 137, 146 [1981]; People v Coles, 27 AD3d 830, 832 [2006], lv denied 7 NY3d 757 [2006]). Further, despite counsel's failure to meet with defendant on one occasion prior to sentencing, it is exceedingly clear from the record that counsel went to great lengths to attempt to effectively communicate with defendant. The record reflects that trial counsel, among other things, made pretrial motions, engaged in voir dire during jury selection, presented cogent opening and closing arguments and engaged in thorough cross-examination of each witness, thereby providing defendant with meaningful representation (see People v Bombard, ___ AD3d ___, ___, 2020 NY Slip Op 06174, *3 [2020]; People v Santana, 179 AD3d 1299, 1302 [2020], lv denied 35 NY3d 973 [2020]).
We turn now to defendant's contention that prosecutorial misconduct deprived him of a fair trial. We disagree. As an initial matter, defendant's assertions of misconduct with respect to the prosecutor's questions about defendant's religious beliefs and an implication by the prosecutor that defendant is a bad parent are unpreserved for review as defendant "failed to render contemporaneous objections to the subject [questions and] statements when they were made" (People v Rudge, 185 AD3d 1214, 1217 [2020], lv denied 35 NY3d 1070 [2020]; see People v Fragassi, 178 AD3d 1153, 1156-1157 [2019], lv denied 34 NY3d 1128 [2020]). However, were these issues properly before us, we would find that the challenged questions and comments were in response to issues raised by defendant during his direct testimony; thus, defense counsel opened the door to further questioning regarding these issues (see People v Gillie, 185 AD3d 1539, 1541 [2020], lv denied 35 NY3d 1094 [2020]; People v Warren, 100 AD3d 1399, 1401 [2012]).
Turning to defendant's preserved contentions, although the prosecutor improperly commented regarding defendant having assigned counsel, defendant's counsel immediately objected, which objection Supreme Court sustained, and the court immediately gave an appropriate limiting instruction, thus minimizing any possible prejudice to defendant (see People v Morris, 140 AD3d 1472, 1477 [2016], lv denied 28 NY3d 1074 [2016]). Similarly, the prosecutor began referring to statements that were not in evidence, to which defense counsel timely objected. The court sustained the objection, barred [*3]further comment and issued a curative instruction (see id.). Nor was defendant prejudiced when the prosecutor improperly attempted to instruct the jury on the law, which the court instructed the prosecutor not to do and immediately gave an appropriate curative instruction (see id.). Notably, our review of the record as a whole "fails to disclose that the prosecutor engaged in a flagrant and pervasive pattern of prosecutorial misconduct so as to deprive defendant of a fair trial" (People v Shamsuddin, 167 AD3d 1334, 1336 [2018] [internal quotation marks and citations omitted], lv denied 33 NY3d 953 [2019]). Moreover, "[g]iven the overwhelming proof of defendant's guilt, the cumulative effect of the challenged comments was not so prejudicial as to deny defendant his fundamental right to a fair trial, and we cannot say that the jury would not have convicted defendant but for the prosecutor's comments" (People v Shamsuddin, 167 AD3d at 1337; see People v Harris, 162 AD3d 1240, 1244 [2018], lv denied 32 NY3d 937 [2018]).[FN1]
Defendant also challenges Supreme Court's denial of his request for a jury charge on the lesser included offense of assault in the third degree as to count 6 of the indictment, charging him with assault in the second degree with respect to victim A. "A defendant is entitled to a lesser included offense charge upon request when (1) it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (People v Magnuson, 177 AD3d 1089, 1094 [2019] [internal quotation marks and citations omitted]; see People v Almonte, 33 NY3d 1083, 1092 [2019]). The evidence adduced at trial, as admitted to by defendant, exhibited that victim A fractured his jaw and, as a result, had to have his jaw wired shut for four weeks and multiple teeth removed. Based upon this evidence, "no reasonable view of the evidence could support a finding that the victim sustained anything less than a serious physical injury" (People v Sipp, 33 NY3d 1119, 1120 [2019]; compare Penal Law § 120.00 [1]). Therefore, Supreme Court did not err in denying defendant's request (see People v Rodriguez, 166 AD3d 459, 459-460 [2018], lv denied 32 NY3d 1209 [2019]; People v Hill, 130 AD3d 1305, 1306 [2015], lv denied 27 NY3d 999 [2016]).
In his pro se brief, defendant contends that Supreme Court failed to conduct a "minimum inquiry" into defendant's request for new counsel. To the extent that defendant is referring to his second counsel,[FN2] this contention is devoid of merit. Prior to trial, Supreme Court conducted an in camera hearing regarding the attorney-client relationship and the possible replacement of trial counsel. During this hearing, the court questioned both defendant and trial counsel and determined that the [*4]attorney-client relationship had not been irretrievably broken. Thereafter, during trial, a second in camera hearing was held wherein the court questioned defendant and trial counsel on how their relationship could be improved and how defendant could take a more active role in the questioning of witnesses. As a result of the hearing, the court took steps to ensure that defendant had ample time to consult with his attorney. Based on the foregoing, Supreme Court conducted an appropriate inquiry into defendant's complaints. As a result of the in camera hearings, the court was able to discern defendant's complaints and determine ways in which the attorney-client relationship could be improved, and it properly found that such complaints did not create good cause for the substitution of trial counsel (see People v Spencer, 185 AD3d 1440, 1441 [2020]; People v Saunders, 176 AD3d 1384, 1389 [2019], lv denied 35 NY3d 973 [2020]).
Defendant next challenges his sentence as harsh and excessive. Although defendant was sentenced to the maximum terms on many of his convictions, given the victims' severe injuries and defendant's lack of remorse, "we discern neither an abuse of discretion nor extraordinary circumstances warranting a reduction in the interest of justice" (People v Cole, 177 AD3d 1096, 1103 [2019], lv denied 34 NY3d 1015 [2019]; see People v Wager, 173 AD3d 1352, 1359 [2019], lv denied 34 NY3d 1020 [2019]). Further, the imposition of consecutive sentences was permissible and warranted, as the attacks on the victims constituted "separate and distinct events" (People v Moon, 119 AD3d 1293, 1294-1295 [2014] [internal quotation marks and citations omitted], lv denied 24 NY3d 1004 [2014]; see Penal Law § 70.25 [2]; People v Couser, 28 NY3d 368, 385 [2016]). Finally, defendant's contention that he was not provided proper notice of the grand jury proceeding against him has been waived as he failed to "move to dismiss the indictment upon such ground within five days of arraignment upon the indictment as required by CPL 190.50 (5) (c)" (People v Cherry, 149 AD3d 1346, 1346 [2017] [internal quotation marks, brackets and citations omitted], lv denied 29 NY3d 1124 [2017]; see People v Henriquez, 173 AD3d 1268, 1269 n [2019]). Defendant's remaining arguments are unpreserved for our review.
Lynch, J.P., Mulvey and Colangelo, JJ., concur; Devine, J., not taking part.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant is alleging that it was prosecutorial misconduct for the People to indict him for animal cruelty and that such misconduct deprived him of a fair trial, as this charge was dismissed well in advance of trial, we find this argument to be meritless.

Footnote 2: Prior to trial, defendant's first counsel was relieved. After temporarily proceeding pro se, defendant was assigned new counsel, who represented him in further pretrial matters through sentencing.