People v Appiah (2024 NY Slip Op 00470)

People v Appiah

2024 NY Slip Op 00470

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

113512
[*1]The People of the State of New York, Respondent,
v
Kwabena Appiah, Appellant.

Calendar Date:May 26, 2023

Before:Garry, P.J., Clark, Lynch, Reynolds Fitzgerald and McShan, JJ.

Steven M. Sharp, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Clark, J.
Appeal (upon remittal from the Court of Appeals) from a judgment of the County Court of Schenectady County (Mark J. Caruso, J.), rendered January 28, 2022, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
The relevant facts pertaining to this appeal are set forth in our prior decision (218 AD3d 1060 [3d Dept 2023], revd ___ NY3d ___, 2024 NY Slip Op 00158 [2024]). In that decision, we affirmed the judgment of conviction with two Justices concluding that defendant's waiver of his right to appeal was invalid but declining to invoke our interest of justice jurisdiction to reduce defendant's sentence (id. at 1061-1063), and a third Justice voting to affirm upon finding defendant's appeal waiver valid — without reaching defendant's challenge to the imposed sentence (id. at 1063-1064 [Lynch, J., concurring]). Two Justices agreed that defendant's appeal waiver was invalid but dissented, writing that they would have invoked this Court's interest of justice jurisdiction to reduce defendant's sentence (id. at 1064-1067 [McShan, J., dissenting]). Upon appeal, the Court of Appeals found defendant's appeal waiver invalid but, noting that we lacked a majority on defendant's excessive sentence challenge, reversed and remitted the matter to this Court for consideration of that issue (___ NY3 ___, ___, 2024 NY Slip Op 00158, *1 [2024]). Having engaged in such consideration, for the reasons articulated in our prior decision (218 AD3d at 1062), we decline to invoke our interest of justice jurisdiction to reduce defendant's lawful sentence.
Lynch and Reynolds Fitzgerald, JJ., concur.
McShan, J. (dissenting).
For the reasons articulated in our prior dissent in this matter (218 AD3d 1060, 1064-1067 [3d Dept 2023, McShan, J., dissenting], revd ___ NY3d ___, 2024 NY Slip Op 00158 [2024]), we would reduce defendant's sentence in the interest of justice (see People v Swift, 195 AD3d 1496, 1499 [4th Dept 2021], lv denied 37 NY3d 1030 [2021]; People v Gillie, 185 AD3d 1539, 1542 [4th Dept 2020], lv denied 35 NY3d 1094 [2020]; People v Persen, 185 AD3d 1288, 1295-1296 [3d Dept 2020], lv denied 36 NY3d 1099 [2021]).
Garry, P.J., concurs.
ORDERED that the judgment is affirmed.